*25
 
 Pearson,
 
 J.
 

 His Honor charged, that, if the plaintiff had “ continuously, and without interruption, used and enjoyed the way ” for more than twenty years, he was entitled to recover. To this the defendant excepts. .There is error.
 

 The charge is correct, so far as it goes; but it does not go far enough. There is another and very essential requisite, in 'order to raise the presumption of a grant. The user must be adverse, and as of right. The attention of the jury was not called to this requisite, and the omission to> do so, makes the instruction erroneous. “ There must be an» adverse possession or assertion of right, so as to expose the 1 party to an aotion, unless he had a grant; for it is the fact of his being thus exposed to an action, and the neglect of the opposite party to bring- suit, that is seized upon as the ground for presuming a grant, in favor of long possession and enjoyment, upon the idea that this adverse state of things would not have been submitted to, if there had not been a grant. Felton v. Simpson, 11 Ired. 85. The same doc- ^ trine is laid down in a decision at this term, Ingraham v. Hough.
 
 Vide Post.
 

 If I make a road across my own land, for my own convenience, and the neighbors use it also, either by my express permission, or as a favor,- such as any man is expected' to allow to his neighbors, they may use it for fifty years, and no one but myself will have a right to it, because no one but myself has ever asserted a right to it. If you have continuously and without interruption, for more than twenty years, hunted on my land, or fished in a creek running through it, will it enter into the imagination of any one to conceive that you have acquired a right to do so ? Certainly not. You never claimed the right, and took the liberty of' doing so, merely because you supposed I had no objection.__
 

 It is true, there is a presumption, unless there are circumstances to show the contrary, that every man claims a right, to do that he is in the habit of doing; but the force of this-
 
 *26
 
 presumption, and tbe eircumstances necessary to rebut it, depend very much upon the thing which is done. If a man ponds water upon another’s land, the.inference is strong that he claims a right to do it. So if he cuts a road across another’s wood land ■: for these are liberties that are not apt to be taken. But, if he cuts acrosá the corner of an old field, or travels along a' road which the owner uses himself, the inference of a right is extremely weak, and a very slight •circumstance will rebuit It.
 

 f
 
 While the land in question remained uninclosed, the fact
 
 j
 
 that the plaintiff and others passed over it and used it as a (■road, was seareely calculated to excite attention. In 1880, when a tenant of Hanner enclosed a part of it, the fact of his living upon the land (unless he did so for his own conj venience) tended to show, that a right of way was claimed ; i but, in 1837, which was before the twenty years had run out, ■ Dr. Lindsay, claiming under Hanner, told the plaintiff that he intended to stop up the lane, and to this the plaintiff said nothing. What did this silence mean ? Was it an admission that he set up no right to have the lane kept open, or was it a defiance, and an intimation that he relied confidently -on his own right ? This was a circumstance, the solution of which ought to have been left to the jury. It had a direct bearing on the character of the plaintiff’s user, whether it was by permission or sufferance or as of right.
 

 It is not necessary to decide the other point ■; but, as the case goes back for another trial, .and the point will be presented again, and as it has been discussed and fully con-jsideréd, we think it proper to give an opinion upon it. Neither the doctrine of prescription at common law, nor the act of 1825 have any saving in regard to the rights of infants,
 
 feme coverts
 
 or person
 
 non compos.
 
 In the Statute •of Limitations, there is an express exception in favor of the •rights of those who may be infants, &e., at the time the right accrues; but if, .at ¡that time, there is no disability,
 
 *27
 
 although the right may on the next clay pass to an infant, •&C., it is not Ayithin the proviso: so that it has grown into a legal adage, “when the Statute begins to run, it continues to run.” Such being the law, as to the Statute of Limitations, it follows, it must be so, also, in regard to prescriptions. Here the prescription had begun to run, before the insanity of Hanner, and there was nothing, to stop it. Those who ought to have taken an interest in his affiairs are to blame, if, by their neglect, an adverse claim has ripened into a title»
 

 Venire de novo.
 
 Judgment reversed.