Battle, J.
 

 We are clearly of opinion, that the plaintiff has no just cause of complaint against his Honor, for the instructions which he gave to the jury, or for those which he refused to give them. The first instruction prayed, assumed, that the plaintiff and those under whom he claimed, had used a way over the land of those under whom the defendant claimed, for twenty years and more, and insisted, that from such enjoyment the law presumed a grant of the easement. . Supposing that the facts were as assumed, it lias been settled in this State, that the legal consequence is not such as contended for by the plaintiff. In the case of
 
 *42
 
 Wilson v. Wilson, 4 Dev. Rep. 154, this Court recognised and sustained the doctrine laid down by Mr. Starlde in his treatise on evidence, (2d vol., pages 669, 670, of the 5th Am. Ed.,) that the enjoymont of an easement like the'present, for twenty years, “ is not an inference of
 
 mere lato,
 
 to be made by the Court, but it is an inference which the Courts advise (or as we should say, instruct) juries to make whenever the presumption stands unrebutted by contrary evidence.” This case was referred to, with approbation in the subsequent ones of Pugh v. Wheeler, 2 Dev. and Bat. Rep. 50, and Geringer v. Summers, 2 Ired. Rep. 229, and its authority cannot now be shaken.
 

 The second instruction asked, impliedly admitted the law to be as stated above, but insisted that there was no evidence to rebut the presumption of á grant arising from the alleged twenty years enjojanent of the easement; and in the third instruction, insisted particularly, that the erection of the gates across the way by William Hough, was no evidence against such presumption. This is the strongest position taken for the plaintiff, and has been defended here with much ability by his counsel, but, unfortunately for him, it cannot be maintained against the force of principle and authority, which may be brought .to assail it.
 

 In Gale and Whatley’s Law of Easements, ch. 5, see. 3, (marginal page 121,) it is said, that, “in order that the enjoyment, which is the
 
 quasi
 
 possession of an easement, may confer a right to it by length of time, it must have been open, peaceable, and as of right.” .
 

 The effect of the enjoyment, being to raise the presumption of a consent on the part of the owner of the servient tenement, it is obvious, that no such inference of consent can bo drawn, unless it be shown that he was aware of the useiy and being so aware, made no attempt to interfere with its exercise.- Still less can such' consent be implied, but rather the contrary, where he has contested the right to the
 
 *43
 
 user, or where, in consequence of such opposition, an interruption has taken place. Even supposing these defects of the user not to exist, still the effect of the user would be destroyed, if it were shown that it took place by the express permission of the owner of the servient tenement; for, in such a case, the user would not have been had with the intention of acquiring, or exercising a right. The presumption, however, is, that a party enjoying an easement, acted under a claim of right until the ,contrary is shown, Campbell v. Wilson, 3 East. 300. The civil law expressed the essential qualities of the user, by the clear and conciso rule, that it be
 
 nec vi, nec
 
 clam,
 
 nec
 
 precario.
 

 “ The doctrine of the law of England, as cited by Lord Coke from Bracton, exactly agrees with the civil law. The possession must be long, continuous and peaceable. Long, that is, during the time required by law; continuous, that is, uninterrupted by any lawful impediment; peaceful, because, if it be contentious, and the opposition be on good grounds, the party will be in the same condition, as at the beginning of his enjoyment. There must be
 
 longus usus nec per
 
 vim,
 
 nec
 
 clam,
 
 nec precario.”
 
 Co. Litt. 113 b.
 

 That the same doctrine with respect to the qualities of the user prevails in this State, is shown clearly by
 
 Felton
 
 v. Simpson, 11 Ired. 84, as well as by those of Wilson v. Wilson, Pugh v. Wheeler, and Geringer v. Summers, to which reference has already been made. In two of these cases, Pugh v. Wheeler, and Felton v. Simpson, the term “uninterrupted” is manifestly used in the sense of continuous and peaceable. With regard to the duration of the user, there is no dispute. For more than twenty years the plaintiff, and those under whom he claimed, what the “ Law of Easements ” calls the dominant tenement, passed, by a certain way, over the land of those under whom the defendant derived title, into a public road, called the Alien-ton roa'd. Were there no interruptions to the user of that
 
 *44
 
 easement before the expiration of twenty years, to prevent the presumption of a grant being raised in favor of the plaintiff? We may the better be able to answer this enquiry, if we ascertain, first, what would be an interruption to a right of way. We think we may safely assort, that .it would be any act, done by the owner of the servient tenement, which would prevent the full and free enjoyment of the easement, by the owner of the dominant tenement; and we cannot suppose that an act, which, if done in a public highway, would be an indictable offence, could bo considered no interruption to the use of a private way. If this be so, and we cannot see how it can be otherwise, it settles the question. No one will contend, that putting a gate across the public road is not an indictable misdemeanor: and it is so indictable, because it obstructs a way, which ought to be, at all times, kept open and free for the passage of all the citizens of the State. The same may be said of the unautho-rised act of turning a public road. Roth these acts of erecting gates across the way, and afterwards turning it seventy yards from its original location, were done, in this case, by the owner of the servient tenement, before the twenty years user of the easement by the owner of the-dominant tenement liad expired. As to the erection of the gates, there is no dispute. That the way was turned within the twenty years, (or, at least, is to bo so taken as against the plaintiff,) will readily appear, by adverting to the rule, that the burden of proof was upon him. His testimony showed only that the length of enjoyment, before the road was turned, was either nineteen or twenty-ono years, and as that at most made the scales of evidence hang even, his proof failed.
 

 We conclude, then, that the facts of erecting' the gates, and turning the road, were interruptions to the user of the easement ‘by the plaintiff, and those whose title he held; and that, consequently, they were proper to be submitted to the jury, as tending to rebut the inference of a grant" of the
 
 *45
 
 right of way to the plaintiff. The other fact, that John and William Hough, the former owners of the two tenements, were brothers, may of itself have deserved very little consideration by the jury, but we think it was proper in the Court to submit it to them, in connection with the other facts and circumstances of the case. It had
 
 some,
 
 though perhaps
 
 very slight
 
 tendency, to show the true character of the user by John Hough, of the way over and through his brother’s land and yard. It-was no error, therefore, in his Honor to call the attention of the jury to it.
 

 After -refusing the instructions asked, and submitting to the jury the facts relied upon by the defendant to rebut the presumption of a grant, the instructions given to them in relation to an implied license from William
 
 to
 
 John Hough, followed as a necessary consequence. If there were no grant of the easement, the testimony might well justify the inference of a license to use the way, and in the remarks of his Honor upon -that subject, we find no error, which can .entitle the plaintiff to another trial.
 

 ■The judgment must be affirmed.