EDMOND SNOWDEN v. C. M. BELL.

(Filed 11 September, 1912.)

1. **Private Ways—Lands of Another—Adverse Possession.**

While the right to a private way over the lands of another may be acquired by a continuous adverse use for twenty years, a mere user for the required period is not sufficient to confer the right.

2. **Same—Claim of Right—Notice.**

In order to acquire a private way over the lands of another by adverse user or possession, it is necessary to show that the true owner had notice of the claim as one of right by direct evidence or circumstances tending to prove it.

3. **Private Ways—Lands of Another—Adverse Possession—Limitations of Actions—Evidence—Questions for Jury—Instructions.**

When there is evidence that the use or possession of a private way over the lands of another is consistent with the contention of the true owner that it was not hostile and adverse, but permissive, with further evidence of notice to him that it was under a claim of right, for twenty years or more, the jury should decide the question of adverse user, and it is error for the trial judge to instruct the jury to answer the issue for the one claiming the right, if they believed the evidence.

4. **Private Ways—Lands of Another—Conflicting Evidence—Findings—Inferences—Questions for Jury.**

When a fact is to be proven by circumstantial evidence, the finding of the jury is not dependent altogether upon belief in the

159—32

truth of the evidence; for the jurors must not only believe the witnesses, but must draw from their testimony the inferences. from the facts proven.

5. Private Ways — Lands of Another — Conflicting Evidence — Adverse User—Instructions—Directions.

Upon conflicting evidence as to the right of a private way over the lands of another by adverse user or possession, the trial judge should explain to the jury the meaning of the term "adverse user," and instruct them to answer the issue in the affirmative if they found, by the greater weight of the evidence, there had been such user for twenty years, and, otherwise, to answer the issue in the negative.

APPEAL by defendant from *Bragaw, J.,* at Spring Term, 1912, of CURRITUCK.

The plaintiff brings this suit to restrain the defendant from interfering with his use of a lane from the Etheridge farm, owned by plaintiff, and running eastwardly to the public road leading to Snowden Station. Plaintiff's evidence tends to prove that the Etheridge and Humphrey lands were originally owned by Isaac Snowden; that this lane in controversy runs between the Bell land on the north and the Humphrey land on the south, and runs to the Etheridge land; that for years the Isaac Snowden fence to Humphrey land was *inside* the lane, and that there was a line tree of the Etheridge farm at the end of this line; that the lane has been kept up jointly by Bell and Snowden heirs, and plaintiff when he succeeded the Snowden heirs, since its establishment. Also, that for fifty to sixty years the owners of the Etheridge and Humphrey farms have continuously used this lane for any and all purposes.

The plaintiff also offered evidence that he did not know of permission to use the lane being asked at any time, and that he used it as of right.

There was also evidence that the defendant caused a warrant to issue against a tenant of the plaintiff for using the lane, and that the plaintiff gave the defendant a bond to repair any injuries to the lane caused by his hauling logs over it, at a time when he wished to use it for that purpose.

The following issues were submitted to the jury:

---

---

1. Is the plaintiff the owner of an easement entitling him to use the lane in controversy? Answer: Yes.

2. If so, has defendant obstructed plaintiff in the use of said lane, as alleged? Answer: Yes.

At the conclusion of the evidence, his Honor instructed the jury to answer the first issue "Yes," if they believed the evidence, and the defendant excepted.

Judgment was rendered on the verdict in favor of the plaintiff, and defendant appealed.

*E. F. Aydlett and J. C. B. Ehringhaus for plaintiff.*
*Ward & Grimes for defendant.*

ALLEN, J. · It is well established in this State that the right to a private way may be acquired by a continuous adverse use for twenty years, and that a mere user for the required period is not sufficient to confer the right. *Ingraham v. Hough,* 46 N. C., 43; *Mebane v. Patrick,* 46 N. C., 23; *Ray v. Lipscomb,* 48 N. C., 186; *Boyden v. Achenbach,* 79 N. C., 539, and same case, 86 N. C., 397.

In the last case cited, the doctrine is well stated as follows: "It would be unreasonable to deduce from the owner's quiet acquiescence, a simple act of neighborhood courtesy, in the use of a way convenient to others and not injurious to himself, over land unimproved or in woods, consequences so seriously detracting from the value of the land thus used, and compel him needlessly to interpose and prevent the enjoyment of the privilege in order to the preservation of the right of property unimpaired. And so it is declared in *Mebane v. Patrick,* 1 Jones, 23, and reiterated in *Smith v. Bennett, ib.,* 372, by the late *Chief Justice,* in his comments upon the charge that if the plaintiff had continuously, and without interruption, used and enjoyed the way for more than twenty years, he was entitled to recover. He says: 'The charge is correct as far as it goes; but it does not go far enough. There is another and very essential requisite, in order to raise the presumption of a grant. The user must be adverse and as of right.' Again, in *Ray v. Lipscomb,* 3 Jones, 185, referring to those adjudications, he says: 'These cases, as it seems to us, put the doctrine of presumption

of a right of way from user on its true basis; and as was said in the argument, considering the state of things among us for many years past in regard to a neighbor's passing on the unin-closed land of another, either on horseback or with his wagon, any other conclusion would have resulted in great and general inconvenience.' There must, then, be some evidence accompany-ing the user, giving it a hostile character and repelling the in-ference that it is permissive and with the owner's consent, to create the easement by prescription and impose the burden upon the land."

The term adverse user or possession implies a user or posses-sion that is not only under a claim of right, but that it is open and of such character that the true owner may have notice of the claim; and this may be proven by circumstances as well as by direct evidence.

In *Parker v. Banks,* 79 N. C., 485, the Court, speaking of an adverse possession, says: "Mr. Angel says 'that the clearest and most comprehensive definition of a disseizin and adverse possession is an actual, visible, and exclusive appropriation of land, commenced and continued under a claim of right. The claim must be adverse and accompanied by such an invasion of the rights of the opposite party as to give him a cause of action. It is the occupation with an *intent* to claim against the true owner which renders the entry and possession adverse; and it is the settled doctrine that this question of adverse possession, as one of intention, ought to be found by the jury, or in some other way ascertained as an essential fact, without which the quality of the possession cannot be determined."

Applying these principles, we are of opinion that the plaintiff introduced evidence of an adverse user for more than twenty years, which entitled him to have his case submitted to the jury, but that it was not of such conclusive character as to warrant a peremptory instruction in favor of the plaintiff.

A user for more than forty years is clearly shown, but much of the evidence is consistent with the contention that it was not hostile and adverse, but permissive, and the evidence of notice to the defendant that it was under a claim of right was entirely circumstantial.

When a fact is to be proven by circumstantial evidence, the finding of the jury is not dependent altogether upon belief in the truth of the evidence, as the jurors must not only believe the witnesses, but must also draw from their testimony the inferences arising from the facts proven.

There is also evidence, although not clearly stated, that the defendant objected to one of the tenants using the way, and that he required the plaintiff to execute a bond to him to repair any injuries caused by hauling timber over it.

We think it was the duty of his Honor to explain to the jury the meaning of the term adverse user, and to instruct them to answer the issue in the affirmative if they found, by the greater weight of the evidence, there had been such user for twenty years, and, otherwise, to answer the issue in the negative, and that there was error in the instruction given.

New trial.