STATE v. J. L. NORRIS.

(Filed 24 October, 1917.)

**Criminal Law—Roads and Highways—Obstruction—Statutes.**

> A way over the lands of another as an outlet to and from the lands of
> the one claiming it, cannot be established by permissive user, but by pos-
> session adverse to the true owner; and a way of this character which has
> not been established by the public authorities or used and kept up by the
> public for a sufficient length of time, does not fall within the meaning of
> Revisal, sec. 2686, so as to make its obstruction punishable.

INDICTMENT for obstructing a cartway, tried before *Connor, J.,* at
March Term, 1917, of BLADEN.

The jury returned a special verdict. The court pronounced judgment,
finding the defendant guilty. From the sentence of the court the defend-
ant appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for
the State.*
*Bayard Clark for defendant.*

BROWN, J. According to the special verdict, the cartway has never
been established under the statute. Revisal, sec. 2686. June Dix owns
a tract of land, which he cultivates, and to reach the same from any
public road he must cross the lands of others. For thirty-seven years he
has used a road across the lands now owned by the defendant, over which
he has exercised no ownership or possession, except passing back and
forth along the same, and occasionally cutting out a tree or other obstruc-
tion therefrom. The road was not cut out or established by Dix, and has
been used by others only occasionally. In clearing his own land for
cultivation, the defendant felled trees and placed brush and other
obstruction in this cartway.

It is manifest, from the brief filed by the State, that the learned
Attorney-General and his able assistant are of opinion that the court
below erred in adjudging the defendant guilty, upon the facts set out in
the special verdict, and in that opinion we concur.

The way in question is neither a public highway nor a private cartway
established under the act. A public highway is one established by the
public authorities and kept in order by them, or else it is such a highway
as has been used and kept up by the public for such a period of time that
the law will presume a dedication to the public use. There is no finding
that the public has any interest in the cartway or has ever used it to any
appreciable extent. It connected Dix's land with the main road, and no

public purpose was served by it. *S. v. McDaniel,* 53 N. C., 284; *Boykin v. Ackenbach,* 79 N. C., 539.

The only way that the prosecutor, Dix, could acquire an easement over the land of the defendant, other than by grant, is by continuous adverse user. While it is well established in this State that the right to a private way over the land of another may be acquired by continuous adverse use for twenty years, it is equally well settled that the mere use of a highway without being adverse, for the required period, is insufficient to create the right. *Ingrahan v. Hough,* 64 N. C., 43; *Mebane v. Patrick,* 46 N. C., 23.

The mere fact that Dix was using a pathway across the defendant's land for his own convenience will not be given the effect of an adverse user without evidence to support it. The quiet acquiescence of the defendant in such use, as an act of neighborhood courtesy, will not be allowed to prejudice him. *Boykin v. Ackenbach, supra; Mebane v. Patrick, supra.*

It is not contended that the use of the highway upon the part of Dix was in any sense adverse to the rights of the defendant. The judgment of the Superior Court is reversed. Let judgment be entered that the defendant is not guilty.

Reversed.