MATTHEW B. PERRY v. JOHN WHITE.

(Filed 7 March, 1923.)

**1. Easements—Adverse User—Issues.**

In order to establish an easement over the lands of another for the flowing of water into a draining ditch, it is not only necessary to show a continuance of this user for twenty years, but that it was continued under a claim of adverse right, and not a permissive user; and an affirmative answer to an issue which does not establish these essential elements necessary to the right of the easement claimed, is insufficient.

**2. Issues.**

Issues must be so framed that the verdict thereon must necessarily conclude the matter, and leave nothing to conjecture.

**3. Same—Appeal and Error—Objections and Exceptions—New Trials.**

Where the court submits, over the appellant's objection, an issue to which the answer is not conclusive, and has refused a proper issue submitted by the appellant, a new trial will be ordered on appeal.

APPEAL by defendant from *Allen, J.,* at May Term, 1922, of BERTIE. Verdict and judgment for plaintiff. Appeal by defendant.

*Craig & Pritchett and Daniel & Daniel for plaintiff.*
*Winston & Matthews for defendant.*

CLARK, C. J. The plaintiff, alleging an easement, seeks to drain the water from certain basins on his land across the lands of defendant and into defendant's canal. The defendant denied that the plaintiff had such easement or the right to drain across his land into the canal.

The court charged the jury: "Both sides have tendered issues, and I have selected from both, but I confess that I am doubtful whether they are proper ones or not."

In *Snowden v. Bell,* 159 N. C., 497, the rule is clearly laid down that while the right to a private way over the lands of another may be acquired by a continuous adverse use for 20 years, a mere user for the required period is not sufficient to confer the right. It is necessary to

show that the true owner had notice of the claim as one of right by direct evidence or circumstances tending to prove it. When the evidence of the use or possession of a private way over the lands of another is consistent with the contention of the true owner that it was not hostile and adverse, but permissive, the jury should decide the question of adverse user, and it is error for the trial judge to instruct the jury to answer the issue for the one claiming the right if they believe the evidence.

An examination of the record and the exceptions show that this essential element whether the use of the asserted right was adverse was not submitted to the jury. The issue submitted was, "Has said ditch existed and been kept up continuously for draining plaintiff's land for the past 30 years over the land of the defendant?"; and the court erred in rejecting the issue which the defendant tendered as follows: "Is the plaintiff entitled to drain the water from his land through the ditch over the defendant's land and into the canal across defendant's land, as alleged in the complaint?" An affirmative answer to this rejected issue, submitted under proper instructions, would have established the easement. An affirmative answer to the issue submitted does not do so. No right or easement is established thereby; nothing is concluded. Issues must necessarily conclude the matter; nothing must be left to conjecture.

Conceding that the ditch had existed and been kept up continuously for draining plaintiff's land for the past 30 years over the land of the defendant, the plaintiff would not have acquired the right of easement thereby. This user may have been permissive, and the law presumes that it was. Mere user for 30 years will not confer an easement unless it appears that it was adverse. *Snowden v. Bell, supra,* and cases cited therein. *Boyden v. Achenbach,* 86 N. C., 397.

If the defendant had submitted to the issue as given and raised no objection, he would be estopped to object to its wording, but he did object to the issue as submitted by the court, and tendered the court the correct issue, which was rejected, and excepted. For this error there must be a

New trial.