SUSAN WEAVER ET AL. v. CONRAD PITTS ET AL.

(Filed 12 May, 1926.)

**Easements—Cartways—Adverse User—Obstructions—Actions—Damages.**

The use of a cartway over the lands of another, although for more than twenty years, is not sufficient, alone, to vest title thereto, and in the absence of evidence that such use was adverse, an action against the owner of the land for damages for the obstruction of the cartway will not lie.

APPEAL by plaintiffs from judgment of *Walter D. Siler, Emergency Judge,* at December Term, 1925, of CATAWBA. Affirmed.

Action to recover damages for the obstruction by defendants of a private road, or way, leading from the lands of plaintiffs over and across the lands of defendants, to a public highway, and for judgment that plaintiffs are entitled to have said private road, or way, kept open for their uninterrupted use of the same. At close of plaintiffs' evidence, motion of defendant for judgment of nonsuit was allowed. From judgment of nonsuit plaintiffs appealed to the Supreme Court.

*J. L. Murphy and John W. Aiken for plaintiffs.*
*A. A. Whitener and Wilson Warlick for defendants.*

CONNOR, J. Plaintiffs allege that they have acquired, by prescription, the right to use, for the purposes of ingress and egress, to and

from their dwelling-house, situate on their lands described in the complaint, a private road, or way, leading from their lands, over and across the lands of defendants, to the public highway; that defendants have wrongfully obstructed said private road, or way, and prevented the use of the same by plaintiffs; and that plaintiffs have been endamaged by such wrongful acts of defendants. Defendants deny these allegations.

The evidence set out in the case on appeal tends to show that plaintiffs and those under whom they claim have used the private road, or way, described in the complaint, for more than fifty years; that said private road, or way, passes over and across the lands of defendants; that it originally passed through the wooded or uncultivated land of defendants, and that it was first used for the purpose of hauling coal to a forge located on or near the lands of plaintiff off the public road during the years from about 1860 to 1875. This forge has long since been abandoned; plaintiffs have used the road continuously, but have never worked it. About twenty-six years ago this road was obstructed by defendant for a few hours; the obstructions were removed by plaintiffs in order that they might use the road. In 1908 defendants cut a tree, standing by the road-side, so that it fell across the road and obstructed it. One of the plaintiffs requested one of the defendants to remove the obstruction, asking him if he was willing for the road to be opened, and saying to him that if he was not, an action would be brought at once to have the road opened. Defendant agreed to have the road opened, and the obstruction was removed by plaintiffs. Plaintiffs continued to use the road from that time until January, 1924, when defendants closed the road by placing obstructions to its use therein. Since that time a public cart-way has been laid off and opened across the lands of plaintiffs and defendants, over which plaintiffs have full egress and ingress from and to their lands. This cart-way is a good, improved road, wide enough for two automobiles to pass.

"It is well established in this State," says *Allen, J.,* in *Snowden v. Bell,* 159 N. C., 497, "that the right to a private way may be acquired by a continuous adverse use for twenty years, and that a mere user for the required period is not sufficient to confer the right." *Ingraham v. Hough,* 46 N. C., 43; *Mebane v. Patrick,* 46 N. C., 23; *Ray v. Lipscombe,* 48 N. C., 186; *Boyden v. Achenbach,* 79 N. C., 539, and same case, 86 N. C., 397. This statement of the law has been cited and approved in *Snowden v. Bell,* 166 N. C., 208; *S. v. Haynie,* 169 N. C., 277; *Jones v. Swindell,* 176 N. C., 35. In *S. v. Norris,* 174 N. C., 808, the principle is stated in the following words: "While it is well established in this State that the right to a private way over the land of another may be acquired by a continuous adverse use for twenty years, it is equally well settled that the mere use of a highway without being

adverse, for the required period is insufficient to create the right." There is no evidence on this record from which the jury could have found that plaintiffs or those under whom they claim entered upon defendant's lands adversely under a claim of right, and have used the private road, or way, adversely for twenty years. All the evidence tends to show a permissive use of the road as a private way.

In the absence of evidence of an adverse user, the judgment of non-suit, entered by his Honor, is well supported by the authorities. The law should, and does encourage acts of neighborly courtesy; a land-owner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great con-venience to his neighbor, ought not to be held to have thereby lost his rights. It is only when the use of the path or road is clearly adverse to the owner of the land, and not an enjoyment of neighborly courtesy, that the land owner is called upon "to go to law" to protect his rights.

In view of the disposition of this appeal, it is not necessary to pass upon plaintiff's exception to the order, made after the judgment of non-suit, relative to the order made by consent at a former term of court, apparently for the purpose of procuring a continuance at that time on account of the absence of one of the defendants, due to sickness. We find no error. The judgment of nonsuit is

Affirmed.