### B. P. GRANT v. TALLASSEE POWER COMPANY.

(Filed 13 February, 1929.)

1. **Trial—Taking Case or Question from Jury—Nonsuit—Waiver.**

   A defendant waives his right to object to the sufficiency of the evidence on his motion of nonsuit made at the close of the plaintiff's evidence by introducing evidence in his own behalf and not renewing his motion after the close of all the evidence in the case. C. S., 567.

2. **Appeal and Error—Assignment of Errors—Form and Requisites of Assignments—Rule of Court.**

   An exception not set out in the appellant's brief, nor citing authority sustaining it is taken as abandoned on appeal.

3. **Trial—Issues—Submission of Issues—Instructions.**

   Where the defendant does not submit issues presenting its contention that the flooding of the roads upon which plaintiff was dependent for access to his land was lawful because authorized by the county commissioners or the township highway commissions, assignment of errors to the charge in this respect will not be sustained.

4. **Trial—Issues—Issues Raised by Pleadings and Evidence.**

   In an action to recover damages caused by flooding public roads upon which plaintiff was dependent for access to his land, where there is no contention that such road was private, the question of plaintiff's right to use such road by adverse use is not presented.

APPEAL by defendant from *Moore, J.,* at September Term, 1928, of GRAHAM. No error.

Action to recover for damage to plaintiff's land, caused by the flooding of certain roads, the only means of access to the same, by the construction of a dam. Plaintiff's land is located on a mountain side, and is valuable chiefly because of the timber standing and growing thereon. As the result of the construction of said dam by defendant, and the flooding of said roads, the said land and timber are now inaccessible. It is impracticable to remove the said timber from the said land, for the purpose of marketing the same, because of the destruction of said roads.

The issues submitted to the jury were answered as follows:

"1. Did the defendant wrongfully destroy plaintiff's means of access to and from his boundary of land by flooding and submerging the roads leading to plaintiff's land, as alleged in the complaint? Answer: Yes.

"2. Were the means of ingress to and egress from plaintiff's land injured by the defendant's flooding and submerging said roads, as alleged in the complaint? Answer: Yes.

"3. What damage has the plaintiff sustained by reason of such injury? Answer: $816.00."

From judgment that plaintiff recover of defendant the sum of $816.00, interest and cost, defendant appealed to the Supreme Court.

*T. M. Jenkins and M. W. Bell for plaintiff.*
*S. W. Black and R. L. Phillips for defendant.*

CONNOR, J. Defendant has waived its exception to the refusal of the court to allow its motion for judgment as of nonsuit, made at the close of plaintiff's evidence. Defendant excepted to the refusal of its motion, and then offered evidence in support of its defense to plaintiff's recovery. By the express terms of the statute, this exception was thereby waived. C. S., 567. It has been frequently so held by this Court. *Gilland v. Stone Co.,* 189 N. C., 783, 128 S. E., 158; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Wooley v. Bruton,* 184 N. C., 438, 114 S. E., 628; *Smith v. Pritchard,* 173 N. C., 722, 92 S. E., 257. Defendant did not renew its motion at the close of all the evidence. In *Wooley v. Bruton, supra,* it is said by *Clark, C. J.:* "The motion for nonsuit at the conclusion of plaintiff's evidence, was waived by the introduction of evidence by the defendant, and the failure to renew the motion on all the evidence."

Defendant's assignment of error based on this exception cannot be considered on its appeal to this Court. If, however, the exception had been properly presented to this Court, upon the record, it would under our Rule be deemed abandoned. The exception is set out in defendant's brief, but no authority is cited, nor is any argument advanced in its support. For this reason, under our Rule 28, the exception is taken as abandoned in this Court. The ruling of the trial court upon defendant's motion at the close of plaintiff's evidence for nonsuit, is not presented for review by this Court.

Plaintiff's land is located on a mountain side; it is valuable chiefly for the timber standing and growing on it. The value of the timber is dependent on its accessibility. Prior to the construction of defendant's dam, the land and timber were accessible by means of a road, which ran within 200 yards of the land on which the timber is located, and of

cartways running from this road to the land. The land did not reach to or abut on the road, which plaintiff alleges was a public road. There was evidence tending to sustain this allegation. The road and the cartways leading therefrom to plaintiff's land were flooded by water ponded thereon by the dam. The water did not flood plaintiff's land, or any part thereof, but it did flood and submerge the road and cartways, destroying them as means of access to plaintiff's land. Whether or not, as a matter of law, upon these facts, plaintiff is entitled to recover in this action, is not presented for decision by this appeal. We, therefore, do not decide the question as to whether or not a landowner, who is dependent on a public road for access to his land, can maintain an action for damages, for the wrongful obstruction of the road, resulting in damages to his land. There are decisions of courts of other jurisdictions which seem to support recovery of damages in such cases. In 29 C. J., at pages 631 and 632, it is said that an action for damages against one who injures a public highway may be maintained by a private person, if he has sustained special damages, differing not merely in degree, but in kind from that suffered by the community at large, as where access to plaintiff's property is cut off. Many decisions are cited in support of the text. As the question is not presented on this appeal, we do not decide it. It would seem, however, that plaintiff sustained special damages in this case, caused by defendant's flooding the road and cartways upon which he was dependent for access to his land.

We find no reversible error in the rulings of the trial court upon objections to the admission or rejection of evidence. Assignments of error based on exceptions to such rulings cannot be sustained. There was ample evidence to sustain the verdict, and if it be conceded that there was error in some of the rulings to which defendant excepted, it is manifest, we think, that such error was not prejudicial. No issue or issues were tendered by defendant presenting its contention that the flooding of the roads upon which plaintiff was dependent for access to his land and timber was lawful, for that same was authorized by the commissioners of Graham County or by the highway commissioners of the townships in which the roads were located. Defendant's contention in this respect was predicated upon the fact that the roads which were flooded by it were public roads, under the control of the road authorities of the county or townships. For this reason assignments of error based upon exceptions to the charge cannot be sustained.

It is well settled, of course, in this State, that the right to a private way over and across the land of another may be acquired as against the owner of the land, by a continuous adverse use for twenty years, and that a mere user for the required period is not sufficient to confer the right. *Weaver v. Pitts,* 191 N. C., 747, 133 S. E., 2; *Snowden v. Bell,*

159 N. C., 497, 75 S. E., 721. This principle has no application to the instant case. There was no contention here that the road, which defendant destroyed by flooding it with water ponded by its dam, was a private way. Defendant's contention was that it acquired the right to flood the road, from the board of commissioners of the county or from the highway commissioners of the townships in which the road was located.

We find no error for which defendant is entitled to a new trial. For its own profit, it has destroyed, or at least greatly diminished, the value of plaintiff's land. Upon all the evidence, the amount assessed by the jury is fair and reasonable. The judgment is affirmed. There is

No error.