## WILLIE DODGE v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 25 February, 1942.)

1. **Highways § 10a—Lowering of bridge is within latitude of highway easement, and canal owner may not recover for resulting damage.**

Petitioner constructed a canal across a county highway and thereafter maintained the bridge constructed over the canal . (C. S., 3795). The State Highway Commission, upon taking over the highway, constructed a new bridge, and later constructed a second new bridge which was some two and one-half inches lower than the first. Petitioner instituted this proceeding under C. S., 3846 (bb), as amended, to recover compensation upon his contention that the lowering of the bridge interfered with the use of the canal in floating his barge under the bridge. *Held:* The use of the canal by petitioner was permissive and subject to the easement for highway purposes, and therefore petitioner is not entitled to recover compensation.

2. **Adverse Possession § 11—**

The use of a canal running under a highway bridge will be deemed permissive, and therefore its continued use over a period of years will not confer an easement or limit the easement for highway purposes.

APPEAL by defendant from *Dixon, Special Judge,* at October Term, 1941, of TYRRELL.

This is a special proceeding in the nature of condemnation for assessment of compensation for alleged taking of property rights. C. S.,

3846(bb), as amended by Public Laws 1923, chapter 160, section 6, as amended by Public Laws 1931, chapter 145, section 23, as amended by Public Laws 1935, chapter 2, as amended by Public Laws 1937, chapter 42.

The petitioner is the owner of a tract of land consisting of 796 acres, and the owner of other lands as tenant in common with other heirs of his father, the late W. T. Dodge. All of said lands lie in Tyrrell County, just west of the State Highway leading from Fairfax in Hyde County to Columbia in Tyrrell County.

In 1923 the petitioner dug the Dodge Canal, extending from a point on the Alligator River in a northwestwardly direction to and across the aforesaid State Highway, which at the time of the construction of the canal was a part of the highway system of Tyrrell County.

The evidence of the petitioner discloses that he built and maintained a floating drawbridge across the canal for the use of the traveling public. That said drawbridge was used from the date of the construction of the canal until 1933, when the road was taken over by the respondent.

In 1933 the State Highway Commission built a new bridge, which the petitioner claims had a movable span. He admits, however, he never removed it during the period of its existence. In 1939 a new bridge was constructed, and the petitioner contends it was built on sills six inches smaller than those on which the 1933 bridge was built, and that the 1933 bridge had a rise of $2\frac{1}{2}$ inches on either side; and therefore by reason of the lowering of the bridge he has been prevented the normal use of the canal in floating his barge to and from his premises to the Alligator River. The petitioner alleges and offered evidence tending to prove that in constructing the bridge in 1939 the respondent permitted dirt to be thrown in the canal under the bridge and, as a result, the canal did not properly drain the lands of the petitioner and he has sustained damages to his land and crops. The respondent offered evidence tending to show the contrary. The witnesses for the respondent testified that the 1939 bridge as constructed was flat, but on similar foundations, and was only $2\frac{1}{2}$ inches lower than the 1933 bridge.

The petitioner did not own all the lands through which his canal was constructed. The lower end of the canal runs through the lands of the Richmond Cedar Works, which concern brought an action against the petitioner and his father, W. T. Dodge, in 1924. The petitioner introduced the judgment in that case, which judgment gave W. T. Dodge, his heirs and assigns, the perpetual right to drain the land then owned by W. T. Dodge through the canal, and the right from time to time to move his dredge to and fro through said canal. The judgment expressly prohibited the defendants from making any commercial use of the canal or

to carry on said dredge lumber, trees, merchandise or other produce, or anything in the nature of commerce.

The following issues were submitted to the jury:

"1. Did the plaintiff suffer damage to his crops by reason of the acts of the defendant, as alleged in the petition? Ans.: 'No.'

"2. If so, in what amount is plaintiff entitled to recover by reason of damage to his land and crops? Ans.: ——

"3. Did the plaintiff suffer damage to his canal rights by reason of the acts of the defendant, as alleged in the petition? Ans.: 'Yes.'

"4. In what amount is plaintiff entitled to recover by reason of said damage to his canal rights? Ans.: '$1,000.00.'

"5. Has the petitioner been benefited by the building of said bridge, if so, in what amount? Ans.: '$100.00.' "

From judgment on verdict respondent appeals to the Supreme Court and assigns error.

*D. D. Topping and H. S. Ward for petitioner, appellee.*
*Charles Ross and W. I. Halstead for respondent, appellant.*

DENNY, J. The jury having answered the first issue in favor of the respondent, the question before this Court is to determine whether or not the petitioner has established any easement or right by having constructed this canal in 1923 which would entitle him to recover from the respondent, the public roads agency of the State, for an alleged interference with those rights. It was alleged in the petition that the petitioner had an agreement with the State Highway Commission to maintain a removable or drawbridge. However, this was denied by the respondent and no evidence offered to prove the existence of such a contract at the trial in this proceeding.

The statute, C. S., 3795, requires that every person who for the purpose of draining his lands, or for any other purpose, shall construct any ditch, drain or canal across a public road to keep at his own expense in good and sufficient repair all bridges that are or may be erected over which a public road may run. The petitioner unquestionably recognized this duty and performed it for some ten years. This road was a public highway when petitioner built his canal. In the case of *Shelby v. Power Co.*, 155 N. C., 196, 71 S. E., 218, *Brown, J.,* says: "It is well settled that, unless by legislative enactment, no title can be acquired against the public by user alone, nor lost to the public by non-user. *Commonwealth v. Morehead,* 4 Am. St., 601, and cases cited; 22 Am. and Eng., page 1190. Public rights are never destroyed by long-continued encroachments or permissive trespasses," cited and approved in the case of *Lenoir v. Crabtree,* 158 N. C., 357, 74 S. E., 105.

In *Hildebrand v. Telegraph Co.,* 219 N. C., 402, 14 S. E. (2d), 252, it is stated: "It may be conceded that the easement acquired by the State for a public highway is, under existing law, so extensive in nature and the control exercised by the Highway Commission is so inclusive in extent that the subservient estate in the land, from a practical stand-point, amounts to little more than the right of reverter, in the event the easement is abandoned." And again, on page 409 of the same opinion: "As we view it, the effect of this act is to give dominance to the easement acquired by the State. Under the terms thereof the Highway Commis-sion has authority to control the uses to which the land embraced within the easement may be put. If it deems it wise or expedient so to do, in the interest of the traveling public, it may altogether exclude the imposi-tion of any additional easement or burden."

In *Perry v. White,* 185 N. C., 79, 116 S. E., 84, this Court, speaking through *Clark, C. J.,* said: "Conceding that the ditch had existed and been kept up continuously for draining plaintiff's land for the past 30 years over the land of the defendant, the plaintiff would not have ac-quired the right of easement thereby. This user may have been permis-sive, and the law presumes that it was. Mere user for 30 years will not confer an easement unless it appears that it was adverse." See, also, *Darr v. Aluminum Co.,* 215 N. C., 768, 3 S. E. (2d), 434, and cases cited therein.

We do not think the petitioner has established any rights adverse to the easement of the respondent and its predecessor in title, the Board of Commissioners of Tyrrell County. We think the rights exercised by the petitioner have been permissive and not adverse, and the judgment of the court below is

Reversed.