ELLA WILLIAMS AND CLARA CARTER v. ELBERT FOREMAN AND WIFE, OLIVIA FOREMAN.

(Filed 30 September, 1953.)

**1. Easements § 3—**

A party claiming a right of way by prescription has the burden of proving, among other things, that the way was used over defendant's land for the requisite period, and also that such use was adverse or under a claim of right.

**2. Same—**

Where plaintiffs' evidence tends to show that they used a right of way over defendants' land for a period in excess of twenty years, but also shows that such use was by permission of the owners of the land, defendants' motion to nonsuit plaintiffs' action to establish a prescriptive right of way is properly sustained.

APPEAL by plaintiffs from *Bone, J.,* at May Term, 1953, of BEAUFORT.

Civil action by plaintiffs to enjoin the obstruction of a roadway leading from their land over the land of defendants to a public highway.

These are the facts:

1. The plaintiffs Ella Williams and Clara Carter and the defendants Elbert Foreman and Olivia Foreman own adjoining tracts of land in a rural section of Beaufort County.

2. During the forty years immediately preceding the event described in the next paragraph, the plaintiffs and their predecessors in title used a

roadway leading from their land over the land of the defendants to a public highway.

3. In 1952, the defendants plowed the portion of the roadway on their land and in that way obstructed its use by the plaintiffs.

4. The plaintiffs thereupon brought this action against the defendants. The complaint alleges in detail that the plaintiffs and their predecessors in title used the roadway adversely and continuously for the entire period necessary for acquiring an easement by prescription, *i.e.,* twenty years, before the defendants obstructed it, and that as a legal result the plaintiffs own a prescriptive right of way in the portion of the land of the defendants included in the roadway. The complaint prays a mandatory injunction requiring the defendants to restore the roadway to its former condition, and a prohibitory injunction enjoining them from thereafter interfering with the plaintiffs in its use. The answer denies the material averments of the complaint.

5. The action was heard before Judge Bone and a jury at the May Term, 1953, of the Superior Court of Beaufort County. The plaintiffs offered testimony sufficient to show that they and their predecessors in title used the roadway throughout the forty years specified in paragraph 2. This testimony disclosed, however, that such use of the roadway was "by favor of the people who owned the land" of the defendants.

6. When the plaintiffs had produced their evidence and rested their case, the defendants moved for a compulsory nonsuit. Judge Bone sustained the motion, and entered judgment accordingly. The plaintiffs appealed, assigning errors.

*LeRoy Scott for the plaintiffs, appellants.*
*Carter & Ross for defendants, appellees.*

ERVIN, J. The only assignment of error requiring discussion is that based upon the entry of the compulsory nonsuit.

The party claiming a right of way by prescription has the burden of proving the several elements essential to its acquisition. *McCracken v. Clark,* 235 N.C. 186, 69 S.E. 2d 184; *Speight v. Anderson,* 226 N.C. 492, 39 S.E. 2d 371; *Chesson v. Jordan,* 224 N.C. 289, 29 S.E. 2d 906; *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662; *Perry v. White,* 185 N.C. 79, 116 S.E. 84.

Thus he must show, among other things, not only that a way over another's land was used for the requisite period, but also that such use was adverse or under a claim of right. *Darr v. Aluminum Co.,* 215 N.C. 768, 3 S.E. 2d 434; *Gruber v. Eubank,* 197 N.C. 280, 148 S.E. 246; *Grant v. Power Co.,* 196 N.C. 617, 146 S.E. 531; *Perry v. White, supra; Snowden v. Bell,* 159 N.C. 497, 75 S.E. 721; *Boyden v. Achenbach,* 86 N.C.

397; *Ray v. Lipscomb,* 48 N.C. 185; *Smith v. Bennett,* 46 N.C. 372; *Mebane v. Patrick,* 46 N.C. 23. A mere permissive use of a way over another's land, however long it may be continued, cannot ripen into an easement by prescription. *Colvin v. Power Co.,* 199 N.C. 353, 154 S.E. 678; *Weaver v. Pitts,* 191 N.C. 747, 133 S.E. 2; *Perry v. White, supra; S. v. Norris,* 174 N.C. 808, 93 S.E. 950; *Snowden v. Bell, supra; Boyden v. Achenbach, supra; Ingraham v. Hough,* 46 N.C. 39.

The evidence of the plaintiffs does not indicate that they and their predecessors in title used the roadway over the land of the defendants adversely or under a claim or right. Indeed, it engenders the conclusion that the use of the roadway was by permission of the owners of the soil. This being true, the evidence is insufficient to establish a right of way by prescription, and the compulsory nonsuit must be upheld. *Weaver v. Pitts, supra.*

Affirmed.