ELLEN DICKINSON, JAMES LUPTON, CALLIE FERRIER, WILLIAM
  BAKER LUPTON, AND ALLEN W. LUPTON v. CHARLES L. PAKE
  AND WIFE, TOMMIE PAKE

No. 733DC528

(Filed 29 August 1973)

1. Easements § 4— easement by prescription — requirements to establish
    In order to show acquisition of an easement by prescription a
plaintiff must show that his use has been adverse or hostile, open,
notorious and continuous, and the easement must have boundaries
sufficiently definite to be located with reasonable certainty.

2. Easements § 4— permissive use of road — no easement by prescription
    Trial court properly granted defendant's motion for judgment
n.o.v. in plaintiffs' action to enjoin defendants from obstructing a
roadway over lands of defendants in which plaintiffs claimed a right-
of-way by prescription where plaintiffs' evidence tended to show per-
missive use in that plaintiffs and their mother used the road for
thirty years, family friends and persons who came on business used
the road, no one ever gave plaintiffs permission to use the road and
no one ever asked for such permission, male defendant and plaintiffs
were first cousins and were "very close," and defendants had never
interfered with plaintiffs' use of the road until 1968 when defendants
blocked the road.

APPEAL by plaintiffs from Wheeler, Judge, 26 February
1973 Session of CARTERET County District Court.

Plaintiffs instituted this action in 1968 seeking permanently
to enjoin defendants from obstructing a roadway over lands of
defendants in which plaintiffs claim a right-of-way by prescrip-
tion. At trial, the plaintiffs introduced evidence which in brief
summary tended to show the following:

Plaintiffs are the children of Sophia Lupton, now deceased.
On 28 March 1938 Julia Pake conveyed to Sophia Lupton a tract
of land lying next to Taylor's Creek in Carteret County. A house
was mistakenly built on an adjoining tract and Sophia and four
of her five children occupied the house in 1938. The property
upon which the house was built was acquired by Sophia in 1960,
but the actual location of the home place is immaterial to this
case. In June 1938, Sophia and her children started using an
existing driveway that led to the public road known as the Len-
noxville Road. The driveway was unpaved and was defined
"more or less as cart ruts," and ran from the tract purchased
by Sophia in 1938 across the tract of land purchased by defend-

ant Charles Pake on 16 March 1939. Charles Pake built a house on his land in 1940 and has lived there ever since. Sophia Lupton died in 1967.

Plaintiff Ellen Dickinson, daughter of Sophia Lupton, testified that since 1938 until 1968, when this suit was filed, the driveway was in constant use by Sophia Lupton, the plaintiffs, and more recently by tenants of the plaintiffs. Mrs. Dickinson also stated that the road was used by family friends who came there to visit and by people who came there on business. Also, immediate family members and friends who docked their boats in Taylor's Creek used the road. No one ever gave them permission to do so, nor did anyone ever ask for permission. Plaintiffs and defendant Charles Pake were first cousins, and Mrs. Dickinson testified that they had always been "very close" and had had no trouble until 1968 when defendants blocked the driveway. Prior to that time there had been no interference with plaintiffs' use of the driveway.

From 1938 until the present the location of the driveway has remained basically unchanged. Some maintenance was done on the road by Sophia Lupton and plaintiffs during the period. Also defendants and people having business with them have used the portion of the driveway on defendants' land. Part of defendants' answer was read into evidence in which they admitted obstructing the road in order to bar any vehicular traffic on the driveway.

Defendants offered no evidence, and the following issue was submitted to the jury:

> "Have the plaintiffs acquired an easement over the lands of the defendants by prescriptive, adverse, hostile and nonpermissive use of the same road as described in the complaint for a period of twenty (20) years next preceding the institution of this action?"

The jury answered in the affirmative and judgment was entered awarding plaintiffs an easement by prescription over lands of defendants and permanently enjoining the defendants from interfering with the use of said easement by the plaintiffs.

However, upon defendants' motion for judgment notwithstanding the verdict, the trial court ordered the judgment set aside and entered judgment for the defendants. In the alternative, the trial court granted defendants' motion for a new trial

on the grounds that the verdict was contrary to law and contrary to the weight of the evidence. From this action of the trial court, plaintiffs appealed.

*Taylor and Marquart, by Nelson W. Taylor, for plaintiff appellants.*

*Wheatly and Mason, by L. Patten Mason, for defendant appellees.*

MORRIS, Judge.

A "party claiming a right-of-way by prescription has the burden of proving the several elements essential to its acquisition." *Williams v. Foreman*, 238 N.C. 301, 77 S.E. 2d 499 (1953). As to the requirements for acquisition of easements by prescription, see generally Webster, Real Estate Law in North Carolina, §§ 285-291. 3 Strong, N. C. Index 2d, Easements, § 4.

[1] Of those requirements, the following are well settled:

(1) A claimant must show an adverse or hostile use. *Weaver v. Pitts*, 191 N.C. 747, 133 S.E. 2 (1926). A mere permissive use of a way over another's land, however long it may be continued cannot ripen into an easement by prescription, and a permissive use is presumed until the contrary is made to appear. *Nicholas v. Furniture Co.*, 248 N.C. 462, 103 S.E. 2d 837 (1958). To show that the use is hostile rather than permissive, it is not necessary to show there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate. A hostile use is simply of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right. *Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1965).

(2) The adverse or hostile use of land must be open and notorious. The use must be of such character that the true owner may have notice of the claim, and this may be proven by circumstances as well as by direct evidence. *Dulin v. Faires, supra. Snowden v. Bell*, 159 N.C. 497, 75 S.E. 721 (1912).

(3) The adverse use of the land must be continuous and uninterrupted for a period of twenty years. *Chesson v. Jordan*, 224 N.C. 289, 29 S.E. 2d 906 (1944).

Dickinson v. Pake

(4) An easement by prescription must have boundaries sufficiently definite to be located with reasonable certainty. *Fremont v. Baker,* 236 N.C. 253, 72 S.E. 2d 666 (1952).

[2] With these principles in mind we examine plaintiffs' contention that their evidence was sufficient to withstand defendants' motion for judgment notwithstanding the verdict. Upon motion for judgment *non obstante veredicto,* under G.S. 1A-1, Rule 50 (b) (1), all the evidence which supports plaintiffs' claim must be taken as true and considered in the light most favorable to plaintiffs, giving them the benefit of every reasonable inference which may legitimately be drawn therefrom, with contradictions, conflicts and inconsistencies being resolved in plaintiffs' favor. *Horton v. Insurance Co.,* 9 N.C. App. 140, 175 S.E. 2d 725 (1970), *cert. denied,* 277 N.C. 251 (1970). Taking plaintiffs' evidence in this light, we are constrained to affirm the trial court's action. Plaintiffs' proof simply falls short of showing the requisite "hostility" or "adverseness" for an easement by prescription.

The following was stated by the Supreme Court of North Carolina, per Justice Ervin, and is equally applicable to the evidence in the case *sub judice:*

"The evidence does not suffice to show that the use of the roadway by the plaintiff and her tenants was accompanied by circumstances giving it an adverse character and rebutting the presumption that it was permissive. The circumstance that the owners of the soil did not object to the use of the way harmonizes with the theory that they permitted the use of the way. There is, moreover, no inconsistency between the circumstance that the plaintiff and her tenants used the way without asking the owners of the soil for permission to do so, and the conclusion that the plaintiff and her tenants used the way with the implied consent of the owners of the soil. When all is said, the assertion that the plaintiff and her tenants used the way without asking the permission of the owners of the soil is tantamount to the assertion that the plaintiff and her tenants used the way in silence. Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use." *Henry v. Farlow,* 238 N.C. 542, 544, 78 S.E. 2d 244 (1953).

Plaintiffs have failed to rebut the presumption that use of the driveway by them and their mother was permissive and this assignment of error is overruled.

Plaintiffs' other assignments of error have been carefully examined and are equally without merit. For the reasons stated above the judgment of the trial court in favor of defendants must be affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.