## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01548-COA

JIMMY D. KENDALL, JR., ALEXIS K.
KENDALL, TINA MULLEN KING, ANITA
MULLEN GREENWOOD AND VIRGINIA
TAYLOR MULLEN

APPELLANTS

v.

KERSH MAY AND WANDA GAYLE MULLEN
MAY

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/2015 |
| TRIAL JUDGE: | HON. JOHN C. ROSS JR. |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | JAMES WALKER STURDIVANT |
| ATTORNEYS FOR APPELLEES: | KERSH MAY (PRO SE) WANDA GAYLE MULLEN MAY (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES USE OF A PRIVATE ROAD LOCATED ON APPELLANTS' PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 08/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Kersh May and Wanda Gayle Mullen May filed a petition to establish a prescriptive

easement over Coleman Road in Tallahatchie County.  Coleman Road was once a public

road, but the county abandoned it, and it is now a private road located on the property of the

defendants/appellants.  The defendants formerly allowed the Mays to use the road to access

the southern part of the Mays' property, but since 2013 they have prevented the Mays from

doing so. The chancellor found that the Mays' claim for a prescriptive easement failed as a matter of law because they could not establish ten years of actual adverse use of the road. The chancellor nonetheless ordered the defendants to allow the Mays to use the road and to give them a key to its gate. On appeal, the defendants argue that the chancellor lacked authority to order such relief given that the Mays were not entitled to a prescriptive easement. We agree and therefore reverse and render judgment in favor of the defendants.

**FACTUAL AND PROCEDURAL HISTORY**

¶2. The Mays own property in Tallahatchie County that is divided by Ascalmore Creek. The Mays' main access to their property is off Paul Shady Grove Road, a public road. Prior to 2013, during periods when Ascalmore Creek was too high to cross, the Mays also used Coleman Road to access the part of their property lying to the south of the creek.

¶3. At some point fewer than ten years prior to the commencement of this action, the Mays and others asked the county to abandon and close Coleman Road as a public road. The Mays say that the request was made because the road was being used for illicit activities such as selling drugs and spotlighting deer. After the county abandoned Coleman Road, a gate was installed on it a short distance off Paul Shady Grove Road, but the Mays were given a key to the gate and allowed to continue to drive on the road. According to the Mays, most of the property owners in the area were related and all had keys to the gate.

¶4. In September 2013, Tina Mullen King and Anita Mullen Greenwood acquired the land on which the gate is located. The chancellor found that "shortly thereafter, inexplicably, the locks were changed and [the Mays] were denied access to Coleman Road." On December

2

6, 2013, the Mays filed a petition to establish a prescriptive easement over Coleman Road, naming King, Greenwood, and others as defendants.[1] The case eventually proceeded to a hearing on the merits and a decision by the chancellor.[2]

¶5. In his written opinion and judgment, the chancellor ruled that the Mays failed to establish a prescriptive easement over Coleman Road, reasoning that the "fatal flaw" in their claim was that Coleman Road had been a private road for fewer than ten years, so it necessarily followed that the Mays could not establish a ten-year period of actual adverse use of the road. However, the chancellor went on to state as follows:

> While this Court has determined as set forth above that [the Mays] have no right of ownership in Coleman Road, Chancery Court is a court of equity [and] can require the parties in a legal proceeding such as this to do that which is reasonable and fair. Defendants in their final brief in this matter cited *Patterson v. Harris*, 239 Miss. 774, 785, 125 So. 2d 545, 550 (1960) wherein it was stated: "The law should, and does, encourage acts of neighborly courtesy. A landowner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great convenience to his neighbor, ought not to be held to have thereby lost his rights." Defendants allowing [the Mays] the right to use Coleman Road in the past was the right and neighborly thing to do and this use did nothing to harm Defendants' ownership in Coleman Road.

The chancellor then ordered "that the [Mays] be immediately provided with keys to the gate

---

[1] The Mays' petition also sought to establish a property line to settle a boundary dispute. That part of the case was later settled by a consent order.

[2] The defendants initially moved to dismiss the claim for a prescriptive easement, arguing that the claim failed as a matter of law because the Mays alleged fewer than ten years of actual adverse use of the road. The chancellor reserved ruling on the motion pending a hearing on the merits. The defendants then filed a petition for interlocutory appeal, which the Supreme Court denied. *Kendall v. May*, 2014-M-00568-SCT (Miss. June 13, 2014). The defendants later moved for summary judgment on the same ground, but the chancellor also reserved ruling on that motion.

at the beginning of Coleman Road and that they be allowed to use Coleman Road in accordance with their previous use before the changing of the locks notwithstanding" his ruling that they were not entitled to a prescriptive easement.

¶6. The defendants filed a motion for reconsideration, which was denied, and a timely notice of appeal. After the notice of appeal was filed, the Mays filed a motion "to confess the appeal." They explained that they had made a knowing and deliberate decision not to cross-appeal the chancellor's denial of their request for a prescriptive easement and that they had concluded that there was "no case law or statute that could sustain" the chancellor's order granting them a key to the gate and use of the road without a prescriptive easement. The Supreme Court, by a single-justice order, "passed" this motion "for consideration with the merits of the appeal." The parties then briefed the merits of the appeal.

## DISCUSSION

¶7. A chancellor's factual findings will not be reversed unless they are manifestly wrong or clearly erroneous. However, a chancellor's legal conclusions are reviewed de novo. *Paw Paw Island Land Co. v. Issaquena & Warren Ctys. Land Co.*, 51 So. 3d 916, 923 (¶26) (Miss. 2010).

¶8. The chancellor correctly ruled that the Mays could not establish a prescriptive easement, which requires proof of, among other things, actual and *adverse* use for a period of ten years. *Id.* at (¶27). The Mays could not make such a showing because Coleman Road was abandoned as a public road and became a gated private road less than ten years prior to the commencement of this action, and the Mays then used the road with its owners'

4

permission until shortly before this lawsuit was filed. Moreover, as noted above, the Mays have not cross-appealed or otherwise challenged the chancellor's denial of their claim for a prescriptive easement.

¶9. Thus, the only issue in this appeal is whether, despite the Mays' inability to establish a prescriptive easement, the chancellor had authority to order the defendants to give the Mays a key to the gate and to allow them to use the road. In granting that relief to the Mays, the chancellor cited *Patterson v. Harris*, 239 Miss. 774, 125 So. 2d 545 (1960). In *Patterson*, Harris claimed a prescriptive easement based on a lengthy period of use of a private road over the Pattersons' land. *See id.* at 784-85, 125 So. 2d at 550. The Court held that he was not entitled to an easement because his use had been permissive, not hostile or adverse. *See id.* at 787-88, 125 So. 2d at 551-52. The Court reasoned:

> The law should, and does, encourage acts of neighborly courtesy. A landowner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great convenience to his neighbor, ought not to be held to have thereby lost his rights. It is only when the use of the path or road is clearly adverse to the owner of the land, and not an enjoyment of neighborly courtesy, that the landowner is called upon "to go to law" to protect his rights.

*Id.* at 785-86, 125 So. 2d at 550 (quoting *Weaver v. Pitts*, 133 S.E. 2, 3 (N.C. 1926)). Therefore, "[i]t is a recognized rule of law that where the use of a private way by a neighbor is by the expressed or implied permission of the owner, the continued use is not adverse and cannot ripen into a prescriptive right." *Id.* at 786, 125 So. 2d at 550.

¶10. Thus, the law does not authorize courts to *compel* "acts of neighborly courtesy" in particular cases, which is essentially what the chancellor did here. Rather, it *encourages*

5

voluntary acts of courtesy among neighbors by making clear that such courtesies will not result in a forfeiture of property rights. The rationale is that if permissive use were allowed to "ripen into a prescriptive right," neighbors would be far less willing to permit one another to use their lands to begin with. In the present case, this underlying policy requires us to uphold the defendants' right to refuse to allow the Mays to continue to cross their lands. The chancellor's order of a right of access and a key to the gate would discourage neighborly courtesy in the same way as a prescriptive easement.[3]

¶11.    In short, the law grants the defendants a right to exclude others, including the Mays, from their property. Accordingly, the chancellor had no equitable authority to order them to give the Mays a key and access to their property.[4] We therefore reverse and render judgment in favor of the defendants.

¶12.    **THE JUDGMENT OF THE TALLAHATCHIE COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] Indeed, in *Patterson*, issues related to the claimant's use of keys to gates on the road were deemed moot once the Court held that he was not entitled to a prescriptive easement. *See id.* at 788, 125 So. 2d at 551-52.

[4] *See Mosley v. Triangle Townhouses LLC*, 170 So. 3d 1251, 1251 (¶1) (Miss. Ct. App. 2015) ("It has been said: '[E]quity must follow the law. But where the law provides no remedy, equity may do so.' To that we would add: Since 'equity must follow the law,' where the law *prohibits* a remedy, equity may *not* do so." (quoting *Joel v. Joel*, 43 So. 3d 424, 427 (¶2) (Miss. 2010)) (footnote omitted)).