## STATE v. J. A. LANCE.

(Filed 22 December, 1917.)

**Criminal Law—Obstructing Cartway—Dedication—Adverse User—Evidence.**

Where the indictment for willfully and unlawfully obstructing a cartway charges that it had been "duly dedicated for public use and enjoyment," and it appears upon the trial that the defendant obstructed it upon his own land, and there is no evidence of such dedication, or of continuous user by the prosecuting witness for the period required by law to give him an easement, the prosecutor will fail.

INDICTMENT for unlawfully and willfully obstructing a cartway, tried before *Lane, J.,* at November Term, 1917, of BUNCOMBE, the bill of indictment charging that the said cartway had been "duly dedicated as such for public use and enjoyment." The defendant was convicted and from the judgment of the court appeals.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*V. L. Gudger and Mark W. Brown for defendant.*

BROWN, J. It is stated in the brief for the State that "the evidence does not show any dedication of the obstructed cartway to the public use, nor any adverse use of the cartway by the defendant which would give him an easement."

An examination of the record corroborates the conclusion of the Attorney-General. If there is no evidence of dedication to the public, or any evidence of an adverse continuous user by the prosecuting witness for the period required by law to give him an easement, then the defendant could not be guilty of unlawfully and willfully obstructing the road, as the obstruction was on that part of the road where it crosses the defendant's land.

The case is governed by what is said in *S. v. Norris,* 174 N. C., 808.

Reversed.