## Commonwealth v. Kennedy

*Wickersham & Wickersham*, for prosecutor.
*Earl Compton*, for defendant.

WICKERSHAM, J., April 14, 1932.—This is an indictment charging that this defendant "did unlawfully, wilfully, knowingly and maliciously set up and maintain . . . a certain public and common nuisance by then and there obstructing a certain private road fourteen feet wide and seventy-five feet long, thereby obstructing the right of way of one Edward Sellers over the said private road. . . ."

Upon request of the defendant, a bill of particulars was filed, in which the prosecutor claims that he has a right of way over the private road in question by deed from a former owner, in which said private right of way was reserved to the owners of the abutting property; that upon said dedication so made said private road was used and has been used by the said prosecutor and by the general public continuously for a period of fifteen years and upwards until the rights of the prosecutor and the general public were interfered with without authority of law by the acts of the defendant as set forth in the indictment in this case.

The defendant filed a motion to quash the indictment for the reason that "the indictment and bill of particulars show that the private right of way alleged to have been obstructed was laid out according to deed and not according to law; the indictment does not charge an indictable offense; and that the indictment charges the obstruction of a private right of way regularly laid out which is not an offense condemned by act of assembly."

The Act of March 31, 1860, P. L. 382, section 73, provides:

"Any person who shall erect, set up, establish, maintain, keep up or continue . . . any public or common nuisance, shall be guilty of a misdemeanor: . . . Provided, also, that all obstructions to private roads, laid out according to law, shall be nuisances, which would be nuisances in cases of obstructions to public roads or highways."

The question to be determined is, therefore, what is a private road "laid out according to law?"

The Act of June 13, 1836, P. L. 551, section 11, together with its amendments and supplements, provides proceedings to open private roads upon the petition of one or more persons "for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway," whereupon the court shall "direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed in this act;" whereupon, "if it shall appear by the report of viewers to the court directing the view that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such a road shall be deemed and taken to be a *lawful private road*." (Italics ours.)

The act further provides that the owners of the land over which the same may be laid out or authorized may apply to the court aforesaid for leave to hang and maintain, at their own expense, "swinging gates across such road, and thereupon the court shall direct the viewers appointed to view such road, or, in case the road has been already laid out, may appoint other viewers in manner aforesaid to inquire and report whether the same may be done without much inconvenience to the persons using such road."

The act also provides that all private roads shall be opened, fenced and kept in repair by and at the expense of the person or persons respectively at whose request the same were granted and laid out, and by their heirs and assigns. The act also provides for the assessment of damages and other proceedings incident to the opening and laying out of public roads.

We think, therefore, that a private road laid out "according to law" can only mean a private road laid out as directed by the said act of assembly; and the legislature has provided that the obstruction of a road only so laid out is an indictable offense.

In 2 Elliott on Roads and Streets (4th ed.), section 846, page 1101, it is stated:

". . . But obstruction of a mere private right of way is not indictable as an obstruction of a highway, and it is [held] in South Carolina that for a road to be a public road for the obstruction of which indictment will lie, it must terminate at both ends in a public road or place. . . ."

We think this construction applies in Pennsylvania, as we have here private roads laid out by act of assembly.

In State *v.* Mellette, 10 S. C. 224, 91 S. E. 4, which was an indictment under the criminal code of that state, it was held that the code applied only to the obstruction of public highways; that is, those highways that are under the jur-

isdiction of the state or county authorities, such as are laid out or improved at the public expense, and that it is not applicable to that class of highways commonly called neighborhood roads, which are public highways only in the sense that the public have acquired the legal right to use them.

In State v. Norris, 174 N. C. 808, 93 S. E. 950, it appeared that where an owner of land not reached by any public road for thirty-seven years used a road across the defendant's land without exercising any ownership, or possession except passing back and forth, and occasionally cutting out a tree or other obstruction, and the road was never established as a private cartway under the Revised Statutes of 1905 of North Carolina, section 2686, authorizing the establishment of such cartways leading to land to which no public road leads, and the public had no interest in the road and had never used it to any appreciable extent, the way was neither a public highway nor a private cartway, as a public highway is one established by the public authorities and kept in order by them, or else such a highway as has been used and kept up by the public for such a period of time that the law will presume a dedication to the public use. It appeared from the report of the case that the defendant, J. L. Norris, was convicted of an offense upon this private way and he appealed; the judgment was reversed for the reasons above set forth.

In State v. Lance, 175 N. C. 773, 94 S. E. 721, it appeared that J. H. Lance was convicted of unlawfully and willfully obstructing a cartway, from which judgment he appealed. In this case the bill of indictment charged that the said cartway had been duly dedicated as such for *public* use and enjoyment. (It appears that in North Carolina there may be a dedication of cartways to public use.) In this cse there was no evidence of dedication to the public or any evidence of an adverse continuous user by the prosecuting witness for the period required by law to give him an easement; therefore, defendant could not be guilty of unlawfully and willfully obstructing the road.

We cite these decisions to show the practice in other jurisdictions. They do not necessarily control the case at bar. In the textbooks and reports of other states many cases are cited where an indictment for obstructing a public highway was sustained, and they may also be found in cases in Pennsylvania. But we have been unable to find any authority in Pennsylvania which would support an indictment for obstructing a private way, such as laid out and dedicated to the use of the abutting property holders, and in use for less than the statutory period necessary to give the public a right in this private way.

A private right of way by dedication may be discontinued at any time by consent of abutting owners, but a private way laid out according to law under the provisions of the Act of 1836 can only be vacated by court order. Many other distinctions between the two classes of private rights of way might be given. It also appears from the Act of 1836, relating to private roads, that a swinging gate may only be placed in said private road after viewers have passed upon that question. There is no such provision for private roads by dedication unless it appears that it has been agreed to by the parties.

We are of opinion, therefore, and so interpret the language of the Act of 1860, relating to nuisances, to mean that an indictment may not lie for obstruction of a private right of way laid out as provided in the Act of 1836, herein referred to, and for this reason we think the indictment must be quashed. It is so ordered.

From Homer L. Kreider, Harrisburg, Pa.