S. J. LUTHER ET ALS. v. COMMISSIONERS BUNCOMBE COUNTY.

(Filed 10 December, 1913.)

1. County Commissioners — Roads and Highways — Discretionary Powers—Power of Courts.

　　Where the county commissioners under authority of statute, and in exact accord with its provisions, lay out and establish a public road, the courts will not interfere with the exercise of the discretion conferred, except to the extent of preserving to the landowner, when necessary, his constitutional right of compensation for thus taking his land for a public use.

2. County Commissioners—Roads and Highways—Condemnation—Notice—Due Process—Interpretation of Statutes.

　　The presumption is in favor of the validity of a statute, and it is held that section 16, ch. 80, Laws 1909, authorizing the county commissioners of Buncombe County to lay out and establish a public road, is not unconstitutional in failing to provide that notice be given the landowner sufficient to protect him in asserting his right to receive compensation for his land thus taken, as he is expressly given thirty days after the order of the commissioners to make the road in which to assert his rights, which clearly implies that notice should be given him thereof.

3. Same—Actual Notice—Misapprehension of Rights.

　　One who has had actual and ample notice of an order of the board of county commissioners to lay off a public road in accordance with the provisions of a statute cannot successfully set up the invalidity of the statute in failing to provide for giving the notice upon the ground that the road as laid out ran upon his land and did not afford him opportunity to appeal from the assessment of his damages for his property thus taken; or that

it deprived him of reasonable time in which to appeal under its provisions, when it appears that he had ample and sufficient time except for a misapprehension of his remedy.

APPEAL by plaintiffs from order of *Carter, J.,* rendered at chambers, 15 November, 1913; from BUNCOMBE.

The commissioners of the county of Buncombe, after due compliance with the provisions of Public Laws 1909, ch. 80, as the court finds, ordered a public road to be laid out over the plaintiff's lands. The proceedings were regularly conducted. Plaintiff applied for an injunction against further action by them, and a restraining order was granted. At the hearing, *Judge Carter* found the facts to be as above stated, and denied the application for an injunction. It appears also that the order was made and recorded on 3 November, 1913, and plaintiffs, the next day, appeared before the board and prayed an appeal therefrom, which was disallowed by the board. They did not move for any appraisement of the damages.

*Mark W. Brown for plaintiff.*
*Wells & Swain for defendant.*

WALKER, J., after stating the case: The plaintiffs were not entitled to an appeal from the order to lay out the road, unless given by the statute, as such an order is not, in such case, reviewable. This has been settled in *Brodnax v. Groom,* 64 N. C., 244; *S. v. Lyle,* 100 N. C., 497; *S. v. Jones,* 139 N. C., 614; *Durham v. Riggsbee,* 141 N. C., 128; *Jeffress v. Greenville,* 154 N. C., 492; *Newton v. School Committee,* 158 N. C., 186. We held in *Durham v. Riggsbee, supra,* that the method of taking property for the public use is exclusively within the control of the Legislature, except in so far as it is restricted by the organic law. The exercise of the power of eminent domain being a political and not a judicial act, the courts can afford no aid to the landowner, in a case like this, where the statute has been strictly followed, until the question of compensation is reached. The advisability of opening a road or street or of widening the same is committed by law to the sound discretion

of the local authorities, charged with the duty of determining what is best for the public in that respect, and with the exercise of this discretion the courts will not interfere. "The landowner is not even entitled to notice of the order of condemnation or to be heard thereon," unless so provided by the law. 2 Lewis Em. Dom., sec. 66; *Durham v. Riggsbee,* and other cases, *supra.*

The act in question does not provide for any notice, nor does it grant a hearing to the landowner until the time comes for the· assessment of his damages and· the ascertainment of the compensation which by the law and of right he is entitled to have in return for the contribution he thus makes of his property to the public good and welfare.

Plaintiffs complain that they were deprived of a constitutional right, because Laws 1909, ch. 80, sec. 16, requires their "claim for damages" to be preferred within thirty days after the order for the laying out of the road and the appropriation of their property was made, without requiring any notice of the order to be given, and for that reason their land could not be taken for public use without giving them any adequate remedy for compensation, as they might not, within thirty days so fixed by the act, acquire any knowledge of the order, no provision being made for a "claim for damages" after the expiration of the time so prescribed.

If plaintiffs are in a position to raise this question, having had notice and full opportunity to be heard, upon a proper motion, on 4 November, 1913, when they appealed improperly from the order of condemnation, we think this Court has, nevertheless, settled the question, upon its merits, against them in *Jones v. Commissioners,* 130 N. C., 455, where it was held that if the landowner was prevented from duly claiming his damages because of the impossibility of his having received notice of the order, not attributable to his fault, he is entitled by the rules of law and fairness to a reasonable time within which to make his said claim. It is reasonable that landowners affected by such an order should have notice of it, in order that they may assert their right of compensation; but this question is not before us, as the appeal is based upon the ground that plaintiffs

were denied the right to review the order itself by appeal therefrom, and they also had actual and very early notice of the same. Parties should prosecute their rights seasonably and diligently, for by laches they may sometimes lose them.

We are, however, of the opinion that the act impliedly requires notice of the order to be given to those affected by it. We should not impute to the Legislature an intention to do injustice by depriving a person of his property without due notice. The fact that he is allowed thirty days to make his claim implies that he should have such notice, as otherwise he could never avail himself of this provision of the law.

"All questions relating to the exercise of the eminent domain power and which are political in their nature and rest in the exclusive control and discretion of the Legislature may be determined without notice to the owner of the property to be affected. Whether the particular work or improvement shall be made or the particular property taken are questions of this character, and the owner is not entitled to a hearing thereon as a matter of right." 2 Lewis Eminent Domain, sec. 66.

"It is not upon the question of the appropriation of lands for public use, but upon that of compensation for lands so appropriated, that the owner is entitled of right to a hearing in court and the verdict of a jury." *Zimmerman v. Canfield,* 12 Ohio St., 463. To the same effect, see *People v. R. R.,* 160 N. Y., 225.

"It is, however, held in most of the cases which have given the subject careful consideration that a statute will be valid which determines without any interference a question of the necessity for the appropriation, or submits it without providing for notice to an inferior tribunal, but that a statute which undertakes to determine the question of compensation or to submit it to commissioners or appraisers, without providing for notice, is unconstitutional." Elliott on Roads and Streets, sec. 260. The same author says in section 198: "There are some courts of high authority which hold that although notice is indispensable, it is not essential to the validity of the statute that it should provide for notice, and that it is sufficient if due notice is actually given."

"A condemnation proceeding which does not provide for notice seems to be considered in some decisions as essentially defective. But the better view is that such act may be made effective by actually giving the proper notice. Thus it has been held that notice is plainly intended where the act contemplates the participation of the owner in the proceedings, as where it authorizes him to assist in striking a jury or gives him the right to appeal." Randolph Em. Domain, sec. 338.

These and many other authorities are cited and approved in *S. v. Jones, supra,* where it is said: "In Lewis on Eminent Domain, sec. 368, it is recognized as settled law, by repeated adjudications, that statutes authorizing condemnation and making no provision for notice are valid if actual notice is given. Lewis on Eminent Domain, sec. 368. But at the same time he says: 'By far the greater portion of the cases proceed upon the principle of implying a requirement to give notice from the provision of the statute itself.'"

The notice there referred to is the one as to the time and place of fixing the compensation or assessing the damages and benefits, but the principles apply just as well to this case. Laws 1909, ch. 80, sec. 16, provides for notice of the time and place for assessing the damages to the landowner and ascertaining the benefits to him, but it fails expressly to require notice of the order, so that the landowner may proceed with his claim for compensation. It sufficiently does so, however, by the clearest implication. Why give him thirty days after the making of an order, of which he has no notice and may never have any?

But further discussion would be futile, as plaintiff had actual notice, as shown by his own conduct the next day, and his appearance before the board in the cause is a waiver of any formal notice to him by it. *Penniman v. Daniel,* 95 N. C., 341; *Wheeler v. Cobb,* 75 N. C., 21; *S. v. Jones,* 88 N. C., 683; *Roberts v. Allman,* 106 N. C., 391. This is the general rule, and is not affected by the fact that he may have made the wrong motion or proceeded otherwise improperly or erroneously, as will appear from the foregoing cases. The only inquiry that arises is, Did he have a fair opportunity to present his case?

No doubt, if the plaintiffs had made their claim for compensation and a request that proceedings be taken for that purpose, the board would have granted the application. If they had refused, they could have appealed, and if they had denied them this right, they then could have applied for remedial process to the Superior Court, and to the judge for an injunction meanwhile, if necessary to protect their rights *pendente lite.* *Blair v. Coakley,* 136 N. C., 405.

Laws 1909, ch. 80, sec. 16, gives the right of appeal from the finding of the jury as to the damages or benefits, but denies it as to the order of condemnation. We would suggest that hereafter the commissioners, or those having charge of such matters, give notice of the order of condemnation to those affected thereby, so that they may certainly know when they are expected to file their claim for compensation.

In this suit, as there appears to have been some doubt as to the proper course of procedure in such cases, we will direct that plaintiffs be allowed to file their claim for damages before the commissioners, or in such way as they may be advised, within thirty days after the certification of this opinion and the judgment of this Court to the court below, and the receipt of the certificate by the clerk of the latter court, that time having been considered reasonable by the. Legislature. But this order is not, hereafter, to be taken as a precedent.

There was no error in the order denying the injunction.

Affirmed.