CITY OF ELIZABETH CITY ET AL. v. R. C. GREGORY, BESSIE GREGORY AND CARL GREGORY AND R. C. GREGORY AND BESSIE GREGORY v. CITY OF ELIZABETH CITY AND PUBLIC UTILITIES COMMISSION.

(Filed 15 June, 1932.)

1. **Municipal Corporations I a—Held: owner of adjacent land had easement in street and could recover special damage caused by obstruction.**

   Where the owner of land subdivides a portion thereof into lots and plats the same showing streets thereon, and reserves an unsubdivided and unplatted portion, and the dedication of the streets to the public is accepted by the city, and one of the streets so dedicated constitutes the only reasonable access to the land reserved by the owner: *Held,* the use of the street is an easement belonging to and appurtenant to the property reserved by the owner, and upon the closing of such street to such reserved land the owner has suffered damage different, not only in degree but also in kind from that sustained by the public generally, and may recover the damages caused his land by reason of such wrongful obstruction of the street by the city or a third person.

2. **Same—Admission of evidence as to damage sustained by wrongful obstruction of street held not error in this case.**

   Although the measure of damages recoverable by the owner of land having an easement over an adjacent street for the wrongful obstruction of the street is the difference in the fair market value before and after the wrongful obstruction, the admission of testimony that the plaintiff's land was damaged by one-half its value will not be held for reversible error, there being other evidence as to the value of the land and the court having correctly instructed the jury as to the measure of damages.

3. **Evidence D f—Admission of testimony in explanation of impeaching question asked on cross-examination held not error.**

   Where the value of the plaintiff's land is in issue in an action and he has testified that the land was worth a certain amount, and on cross-examination he is asked if he did not know that the land had never been worth the price stated an exception to the admission of his testimony on redirect examination that the defendant had offered him the price stated for a portion of the land will not be sustained, the testimony being competent in its relation to the question asked on cross-examination.

ELIZABETH CITY *v.* GREGORY; GREGORY *v.* ELIZABETH CITY.

CIVIL ACTION, before *MacRae, Special Judge,* at October Term, 1931,
of PASQUOTANK.

In the first case Elizabeth City filed a petition on 14 April, 1928,
to condemn for public use the land described in the petition. It was
alleged that Elizabeth City was a tenant in common of said lands and
owned a one-half interest therein. The defendants filed an answer deny-
ing the ownership of any of said land by the city, and further alleged
that the city had trespassed upon the lands of defendant and built a
pipe line across their property, and prayed that damages therefor should
be assessed. The issue of ownership was determined by a jury at the
January Term, 1929, in favor of defendants. Thereupon judgment was
entered decreeing that the defendants in the first case were the owners
in fee of the property, and further, that the cause be remanded to the
clerk to proceed with the condemnation thereof. Thereafter on 13
August, 1929, the plaintiffs in the second suit instituted an action
against Elizabeth City and others, alleging that the defendant city had
constructed a building across Wilson Street and thereby deprived the
plaintiffs of access to property owned by them and for the use of which
Wilson Street had been laid out and dedicated. Damages were sought
by the plaintiffs in the sum of $5,000. The city filed an answer admit-
ting that it had constructed a building across a portion of Wilson Street,
but denied that the plaintiffs had any right to use same, and that if such
right had ever existed, the plaintiffs were estopped to assert the same.
At the June Term, 1931, both cases were consolidated and commis-
sioners were appointed to assess the damages resulting from the con-
demnation of certain lots set out on the Skinner and Gregory plat, and
also to assess the damages, if any, sustained by the Gregorys by virtue
of the closing of Wilson Street by the city. The commissioners filed a
report awarding certain items of damage, including an item of $300,
for damage to the property of the Gregorys caused by "taking Wilson
Street." Exceptions were duly filed by both parties and the cause was
tried in the Superior Court at the October Term, 1931, upon the fol-
lowing issue: "What damage, if any, is the plaintiff, R. C. Gregory,
entitled to recover of the defendant, city of Elizabeth City, by reason
of the closing of Wilson Street?" The jury answered the issue "$1,000."
Apparently, all other items were settled except the controversy as to
the closing of Wilson Street. Judgment was pronounced upon the
verdict, and the city appealed.

The evidence tended to show that the father of plaintiff, Gregory,
owned a certain block of land lying north of the Norfolk and Southern
Railroad Company. Many years ago a portion of this land was platted
and subdivided into building lots. The plat was made in February,

1892. The plat showed certain streets known as Mill Street, Wilson Street and Gregory Street. The city in furnishing light, water, power and sewerage to its inhabitants constructed a building which covered and blocked Wilson Street. Wilson Street as shown on the plat extended to an unplatted and unsubdivided tract of land owned by the Gregorys.

The testimony of plaintiff was as follows: "The plant completely dams up Wilson Street and extends out on each side; it is not possible now to drive northwardly from Broad Street down Wilson Street to my tract of land; they have blocked it up and there is no other street or road by which I can now drive to my tract of land from Broad Street unless on somebody else's property. . . . The land was suitable for laying off in lots or suitable for farming purposes. . . . Part of this land was once part of a back field which my father cultivated and a part but not all of it was divided into lots. . . . My father opened Wilson Street and laid out Gregory Street at the same time. . . . It is not possible to drive from Broad Street down Gregory to my property because there are a couple of railroads there that have never been fixed, . . . and if you go down Mill Street, in order to get to my property, you would have to cross the property of somebody else." There was other testimony to the effect that "the Gregory property is completely shut off from access by the utility plant and by the swamp."

There was further evidence tending to show that the blocking of Wilson Street had damaged the Gregory property as much as $4,000.

*John H. Hall and Thompson & Wilson for city of Elizabeth City.*
*McMullan & McMullan and M. B. Simpson for Gregory.*

BROGDEN, J. In substance, the case is this: The owners of land subdivide a portion thereof into building lots and plat the same, showing streets thereon, reserving an unsubdivided and unplatted portion. The street in controversy, so platted, furnishes the only reasonable access to the unsubdivided and unplatted portion of the original tract.

The question· of law is: If a third party obstructs said street with a permanent structure, is the landowner entitled to recover damages to his unsubdivided and unplatted land, resulting from such obstructions?

The city, recognizing the general principles of law governing the platting and subdivision of property which is intersected by streets and alleys shown on the plat, contends, however, that the dedication of such streets is restricted to lot owners or purchasers and cannot be extended to unplatted land outside the subdivided area. In arriving at a correct interpretation of the applicable principles of law, it must be observed that the ancestor of the plaintiff originally owned the entire

tract. He platted and subdivided a portion thereof and laid out streets, including Wilson Street, in order to furnish approach and access to his remaining lands. The evidence offered in favor of the landowner tends to show that Wilson Street afforded and furnished the only reasonable access to this tract or property outside of the platted area. Under these circumstances obviously, Wilson Street constituted an easement belonging to and appurtenant to the unplatted property. The identical question involved was first considered by this Court in *Grant v. Power Co.,* 196 N. C., 617, 146 S. E., 531. The Court said: "Whether or not, as a matter of law, upon these facts, plaintiff is entitled to recover in this action, is not presented for decision by this appeal. We, therefore, do not decide the question as to whether or not a landowner, who is dependent on a public road for access to his land, can maintain an action for damages, for the wrongful obstruction of the road, resulting in damages to his land. There are decisions of courts of other jurisdictions which seem to support recovery of damages in such cases. In 29 C. J., at pages 631 and 632, it is said that an action for damages against one who injures a public highway may be maintained by a private person, if he has sustained special damages, differing not merely in degree, but in kind from that suffered by the community at large, as where access to plaintiff's property is cut off. Many decisions are cited in support of the text." Thereafter, in *Colvin v. Power Co.,* 199 N. C., 353, 154 S. E., 678, the Court adopted the statement of the principle contained in 13 R. C. L., page 231, as follows: "It is generally held that one whose means of ingress to and egress from his property is completely cut off by an obstruction suffers a special injury, different from that suffered by the public at large, as, for example, where the obstructed way affords the only means of getting to market with the products of his adjoining farm. It is not material whether access is completely cut off from every point, or whether the obstruction merely cuts off the means of reaching particular places with which it is necessary or advantageous for the plaintiff to communicate." See, also, *Lamb v. Lamb,* 177 N. C., 150, 98 S. E., 307; *Gault v. Town of Lake Waccamaw,* 200 N. C., 593, 158 S. E., 104; *White v. Coghill,* 201 N. C., 421.

Certain exceptions were taken by the city to testimony relating to the measure of damages. For instance, a witness was permitted to state his opinion as to the value of the Gregory property. Another witness was permitted to state that in his opinion the property of Gregory was damaged one-half by the closing of the street. The trial judge gave to the jury the correct rule of damages, as he instructed the jury: "If you find the plaintiff is entitled to recover, he would be entitled to recover the difference between the reasonable market value of his

property before Wilson Street was obstructed and the reasonable market value of his property immediately after Wilson Street was obstructed." While the witnesses perhaps did not estimate this difference in dollars and cents and thus comply with the strict letter of the rule, it cannot be held for error that they estimated the difference upon a percentage basis. Plaintiff, Gregory, testified that portion of his land was worth for building lots $400 to $500 per acre, and was asked on cross-examination if he did not know "that there has never been a day when you could sell that property for any such figure as that." On redirect examination the attention of witness was called to the question so elicited on cross-examination, and he testified that the city had offered him that price for a certain portion of the property and he had accepted it. The defendant objected to the testimony, but obviously the evidence was elicited by the nature of the cross-examination, and the city has no just ground for complaint.

Affirmed.