ALICE C. RUSSELL v. L. G. GARNER.

(Filed 24 January, 1934.)

**Highways D a—**

Evidence of dedication of a road, as widened, and its obstruction by defendant and special injury resulting to plaintiff is sufficient to take the case to the jury in an action for a mandatory injunction and damages for wrongful obstruction.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1933, of FORSYTH.

Civil action for mandatory injunction and for damages.

Plaintiff alleges that the old Styers Mill Road in Forsyth County has been used for ingress, egress and regress to her farm forty years or longer, and that said road was dedicated to the public use many decades ago. This is admitted by the defendant.

It is further alleged, and supported by evidence, that this road was widened in 1925 with the consent of the adjacent landowners. The defendant, L. G. Garner, purchased 4½ acres of land on the east side of this road, as widened, in January, 1928, and has erected a barbed wire fence across a part of the road, forcing traffic to the west side and rendering it practically impassable with heavy trucks at any time, and with other vehicles when the ground is wet or muddy.

At the close of plaintiff's evidence, there was a judgment of nonsuit, from which she appeals.

*L. V. Scott for plaintiff.*
*No counsel appearing for defendant.*

STACY, C. J. We are not advised as to the theory upon which the judgment of nonsuit was entered. It would seem to be erroneous under the decisions in *Colvin v. Power Co.,* 199 N. C., 353, 154 S. E., 678, *Grant v. Power Co.,* 196 N. C., 617, 146 S. E., 531, and *Tise v. Whitaker,* 146 N. C., 374, 59 S. E., 1012.

There is evidence (1) of dedication of the road, as widened, (2) of its obstruction by the defendant, and (3) of special injury to the plaintiff. This carries the case to the jury. 13 R. C. L., 231; 29 C. J., 631-632.

Reversed.