C. V. MERRELL AND WIFE, ESTELLE MERRELL, v. G. F. BRIDGES AND WIFE, MARGREE BRIDGES.

(Filed 2 March, 1938.)

1. **Highways § 10—Evidence held sufficient for jury on issue of establishment of road under ch. 80, Public Laws 1909.**

   Uncontradicted evidence that the county commissioners ordered a survey for a road, that the road was laid out as ordered and, following the inspection and survey, report was made to the commissioners and that the report was duly adopted by proper resolution, *is held* sufficient

to be submitted to the jury on the issue of the establishment of the road under ch. 80, Public Laws 1909, even though the surveyor's report does not appear of record.

2. **Appeal and Error §§ 38, 39e—Appellant held to have failed to show prejudicial error in instructions.**

Since the burden is on appellant to show error, an instruction that the record evidence established the claim of plaintiff is not held for error as an expression of opinion by the court on the weight of the evidence, since the context of the instructions is fairly susceptible to the interpretation that the court was stating what the record evidence showed in reviewing the evidence as required by C. S., 564.

3. **Trial § 36—**

The inadvertent use of the word "no" instead of "yes" will not be held for reversible error when the error does not mislead the jury or prejudice the rights of the parties.

APPEAL by defendants from *Johnston, J.*, at December Term, 1937, of the Superior Court of BUNCOMBE. Affirmed.

This was an action instituted in the general county court of Buncombe County for a mandatory injunction to require defendants to remove obstructions placed by them in a road leading to plaintiffs' land.

The plaintiffs alleged in their complaint that, according to the method prescribed by ch. 80, Public Laws 1909, the board of county commissioners, in 1914, had laid out and established a public road in Leicester Township over land formerly belonging to J. E. Roberson and now owned by defendants, and that this road had been used by plaintiffs and defendants and others, continuously, since that time until 1935 when defendants placed obstructions therein.

The defendants denied that they had obstructed any road which had been legally established over their land or as to which plaintiffs had any right to pass, as a public road or cartway, and denied that any road had been legally placed upon their land.

The issues submitted to the jury were answered as follows:

"1. Did the board of county commissioners of Buncombe County establish a public road according to law over the land of the defendants, as alleged in the complaint?"

Answer: "Yes."

"2. What damages, if any, are plaintiffs entitled to recover of defendants for closing said road?"

Answer: "None."

From judgment on the verdict defendants appealed to the Superior Court, assigning errors.

Upon the hearing in the Superior Court all of defendants' objections and assignments of error were overruled, and the judgment of the general county court affirmed. From the judgment of the Superior Court the defendants appealed to the Supreme Court.

*Don C. Young for plaintiffs, appellees.*
*R. M. Wells for defendants, appellants.*

DEVIN, J.   The defendants noted exception to the denial of their motion for judgment of nonsuit in the trial court, and now assign as error the affirmance of this ruling by the Superior Court.

The statutory method in force in 1914 for laying out and establishing public roads in Buncombe County, as set forth in ch. 80, Public Laws 1909, gave to the board of county commissioners the power and authority to lay out all new roads, with power of condemnation, and prescribed the method as follows: "Whenever said board shall be of the opinion that it is necessary and for the public good that any new road or cartway shall be made, said board shall so declare, and shall appoint one or more of its members who, together with the road engineer or a competent surveyor to be designated for that purpose, shall view the premises and lay out the same, and they shall make report of their action to the board.   The board shall either approve or disapprove said report at its next regular meeting.   ,   .   ."

Plaintiffs offered in evidence the minute book of the board of county commissioners, showing the official action relative to the road in question, as therein recorded, as follows:

"Ordered that engineer and county commissioner be sent to Leicester Township to lay out a public road over the lands of J. F. Radcliff, J. E. Roberson, and N. H. Waldrop to the lands of J. F. Radcliff.

"July 14, 1914, ordered that the report of J. C. Cowan and Charles Neal, engineer, in regard to public road over lands of N. H. Waldrop and J. E. Roberson be adopted."   Also "Ordered that the report of the commissioner and engineer in regard to the public road over the lands of N. H. Waldrop and J. E. Roberson be adopted."

It was in evidence that plaintiffs' predecessor in title had appeared before the board of county commissioners in May, 1914, and that shortly thereafter, pursuant to the order of the board, one of the commissioners, J. C. Cowan, and a surveyor went out to the locality and "surveyed off the road through there on the J. E. Roberson land," and that the road was laid out and built where the survey was made, and that it was used by those living in that vicinity continuously since that time up to 1935, when it was obstructed by defendants.   It was also in evidence that J. E. Roberson, who then owned the land now belonging to defendant, had agreed to give a road through his land about where the road was laid off a few days later.

The engineer testified that he and Mr. Cowan made report to the board of county commissioners of their action in laying out this road.   While this report does not appear of record, that fact alone would not render the action of the board nugatory nor impair the legal effect of the laying

out of the road as ordered, since it was in evidence, uncontradicted, that, following the inspection and survey of the location, report thereof was made to the board of county commissioners, and it does appear of record that by proper resolution of the board the report was adopted.

The motion for judgment of nonsuit was properly denied. *Luther v. Comrs.,* 164 N. C., 241, 80 S. E., 386; *Parks v. Comrs.,* 186 N. C., 490, 120 S. E., 46; *Russell v. Garner,* 205 N. C., 791, 172 S. E., 405.

The only other assignment of error brought forward in appellants' brief relates to the judge's charge. Complaint is made of the use of the following language in the trial judge's instruction to the jury:

"Now, in this case the burden of proof is upon the plaintiffs to satisfy you, by the greater weight of the evidence, that that road was established, and the court charges you that so far as the record goes it was established. And if you find, from the evidence offered by the plaintiffs, that Commissioner Cowan did go and locate the road, as directed to do, and that he reported it to the board of county commissioners, if you find that to be a fact, the court charges you that the proceeding taken by the commissioners was according to the statute, and would warrant the jury in finding that a public road was established. If the plaintiffs have satisfied you by the greater weight of the evidence that Commissioner Cowan and the assistant engineer did do what they were directed to do, and reported to the commissioners, and that the road was used, since that time, by the public, if you are so satisfied, you should answer this issue 'No' ('Yes')."

It is urged by defendants that the words "And the court charges you that so far as the record goes it was established" constituted an expression of opinion as to the proof. But, observing the rule that the burden is upon the appellant to show error, it is apparent that the quoted words of the trial judge are fairly susceptible of the interpretation that he was referring to the evidence which had been offered, as required by C. S., 564, and that he was stating what the record evidence showed, rather than expressing an opinion. This view is strengthened by the context in which the words occur and the manner in which the question at issue was presented to the jury for their decision. Considered in this light we think this exception to the charge was properly overruled.

The inadvertent use of the word "No" instead of "Yes" at the conclusion of the instruction on this point was not misleading to the jury nor prejudicial to the defendants, and no exception was noted thereto.

The case was fairly presented to the jury in the trial court and the verdict and judgment therein were properly upheld by the judge of the Superior Court, and his ruling thereon must be

Affirmed.