# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01003-COA

**HAROLD MOSLEY**                                                    **APPELLANT**

**v.**

**TRIANGLE TOWNHOUSES, LLC**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2014 |
| TRIAL JUDGE: | HON. H.J. DAVIDSON JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | DEWITT T. HICKS JR. P. NELSON SMITH |
| ATTORNEYS FOR APPELLEE: | CHARLES E. WINFIELD ASHLYN BROWN MATTHEWS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | DISMISSED COMPLAINT FOR SPECIFIC PERFORMANCE |
| DISPOSITION: | AFFIRMED - 07/28/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     It has been said: "[E]quity must follow the law.  But where the law provides no remedy, equity may do so."[1]  To that we would add:  Since "equity must follow the law," where the law *prohibits* a remedy, equity may *not* do so.

¶2.     Here, Harold Mosley asked equity to do what Mississippi law prohibits—pay him, a

---

[1] *Joel v. Joel*, 43 So. 3d 424, 427 (¶2) (Miss. 2010).

nonlicensed real estate broker, a real estate broker's commission.[2]  But the equitable powers of the chancery court cannot be used to circumvent public policy.  Because Mississippi has a clear public policy that only licensed real estate brokers can render and be paid for broker services, the chancery court rightly dismissed Mosley's equitable claim for a "finder's fee" for seeking out and finding a buyer for Triangle Townhouses, LLC's real property.

## Background Facts and Procedural History

¶3.     In September 2013, Mosley sued Triangle Townhouses for specific performance of an alleged promise to pay Mosley "a fair and equitable finder's fee if he found a buyer" for Triangle Townhouses' apartment complex.  According to Mosley's complaint, he found such a buyer—CK Realty, LLC.  And prior to the deal closing, Triangle Townhouses reassured Mosley it would "take care of him."  But after CK Realty purchased Triangle Townhouses' property for $6,000,000, Triangle Townhouses never paid the promised "finder's fee," despite Mosley's repeated requests.

¶4.     In his complaint, Mosley noted the "standard real estate commission would be 6% to 10%" of the purchase price.  Mosley, as a non-real estate broker, asked for a more modest "finder's fee . . . worth 3% to 5% of the purchase price"—or whatever amount the court "deem[ed] appropriate based on quantum meruit and the promises made that induced the closing of the transaction."

¶5.     Triangle Townhouses responded with a motion to dismiss.  *See* M.R.C.P. 12(b)(6).

---

[2] Miss. Code Ann. § 73-35-33(1) (Rev. 2012).

Triangle Townhouses asserted Mosley had failed to state a claim because Mississippi law expressly prohibits anyone without a real estate broker's license to file an action to recover a real estate broker's fee. *See* Miss. Code Ann. § 73-35-33(1) (Rev. 2012).

¶6. The chancellor agreed that no equitable doctrine or quasi-contract theory could prevail over the clear public policy that anyone performing real-estate-broker services, even just one time, must be duly licensed. *See* Miss. Code Ann. § 73-35-1 (Rev. 2012); Miss. Code Ann. § 73-35-3(1), (3) (Rev. 2012). Mosley was not a licensed real estate broker. Nor did he fall under a statutory exception. *See* Miss. Code Ann. § 73-35-3(8) (Rev. 2012). So because section 73-35-33(1) prohibited him from suing for any fee connected with real-estate-broker services, the chancellor dismissed Mosley's action.

## Discussion

¶7. Though we review the chancellor's grant of the motion to dismiss de novo,[3] we could hardly improve upon the chancellor's sound reasoning that he could "not grant equitable relief contrary to established law."

### I. Real Estate Brokers License Law

¶8. Established law—namely, the Real Estate Brokers License Law of 1954 (License Law)—prohibits any person from acting as a "real estate broker" without first obtaining a license. Miss. Code Ann. § 73-35-1. Just one act in violation of the License Law is enough to subject one to statutory penalties—including not being able to recover a fee. Miss. Code

---

[3] *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006).

Ann. § 73-35-3(3); Miss. Code Ann. § 73-35-31(3) (Rev. 2012). And no act in violation of the License Law can form the basis for any action to recover a fee. Miss. Code Ann. § 73-35-33(1).

¶9. The actions Mosley alleged entitled him to equitable relief clearly fall within the statutory definition of a "real estate broker." In his complaint, Mosley stated he "sought and successfully found" a purchaser for Triangle Townhouses' property *based on the expectation* he would be paid a "finder's fee if he found a buyer." And under section 73-35-3(1), any person "who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting the same, . . . direct[s] or assist[s] in the procuring of a purchaser or prospect calculated or intended to result in a real estate transaction" is a "real estate broker." The statute is equally clear that to collect a fee as a real estate broker, Mosley had to be duly licensed, which he was not. *See* Miss. Code Ann. § 73-35-31(3).

¶10. While the License Law has several exemptions and areas of nonapplication, we note the allegations in Mosley's complaint do not fall under any of them. Section 73-35-3(7) "[e]xempt[s] from the licensing requirements of this chapter . . . any person, partnership, association or corporation, who, as a bona fide owner, shall perform any aforesaid act with reference to property owned by them." It also exempts "regular employees thereof who are on a stated salary, where such acts are performed in the regular course of business." Miss. Code Ann. § 73-35-3(7). But here Mosley has not alleged to be a member or salaried employee of Triangle Townhouses or a bona fide owner of the property sold. So this

4

exemption does not apply.

¶11.  Neither has Mosley alleged he falls under any category of persons for whom the License Law "shall not apply," which includes:

(a)     Attorneys at law in the performance of primary or incidental duties as such attorneys at law.

(b)     Any person holding in good faith a duly executed power of attorney from the owner, authorizing the final consummation and execution for the sale, purchase, leasing or exchange of real estate.

(c)     . . . [A]ny person . . . acting as a receiver, trustee, administrator, executor, guardian or under court order, or . . . acting under authority of a deed of trust or will.

(d)     Public officers while performing their duties as such.

(e)     Anyone dealing exclusively in oil and gas leases and mineral rights.

Miss. Code Ann. § 73-35-3(8).

¶12.  Still, Mosley tries to get outside the License Law's reach by characterizing his alleged finder's fee arrangement with Triangle Townhouses as a mere "business deal."  But we cannot overlook that the actions he claims justify his compensation fall squarely within the statutory definition of a "real estate broker."  *See* Miss. Code Ann. § 73-35-3(3).  This case is not like *Davis v. Paepke*, 3 So. 3d 131, 137 (¶19) (Miss. Ct. App. 2009), where we found the plaintiff, who was seeking his share of the profits from the sale of real property, never "acted as a real estate broker" and was not required to sell or market the property or negotiate the options contract in order to receive his share of the profits.  Here, from his own allegations, we learn Mosley based his claim for a "finder's fee" on the fact he "sought and

successfully found . . . a buyer for the project." Thus, under the License Law, he acted as a "real estate broker." *See* Miss. Code Ann. § 73-35-3(1) (including in the term "real estate broker" "all persons . . . who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting the same, . . . direct or assist in the procuring of a purchaser or prospect calculated or intended to result in a real estate transaction").

¶13. Because he was not duly licensed, Mosley could not "maintain an action in any court of this state for the recovery of a commission, fee or compensation." Miss. Code Ann. § 73-35-33(1). So the chancellor was right to dismiss Mosley's complaint for "[f]ailure to state a claim upon which relief can be granted." M.R.C.P. 12(b)(6).

## II. Equitable Powers

¶14. Mosley asserts the clear prohibition in section 73-35-33(1) is no barrier to the equitable powers vested in our chancery courts. But section 73-35-33(1) clearly restricts filing an action in "any court of this state," which necessarily includes the Chancery Court of Oktibbeha County where Mosley filed his complaint to recover a finder's fee.

¶15. Moreover, even without the clear language of section 73-35-33(1), a chancery court's equitable powers cannot be exercised in a way that violates public policy. *See, e.g.*, *Thigpen v. Kennedy*, 238 So. 2d 744, 746-47 (Miss. 1970) (reversing equitable relief granted because underlying transaction had violated public policy). Here, there is a clear public policy against nonlicensed persons acting as real estate brokers, even for just one transaction. Because

6

Mosley's allegations amount to violation of that policy, he cannot appeal to equity to provide him his promised "finder's fee."[4]

¶16.    While Mosley focuses on what he perceives as the injustice of Triangle Townhouses selling its property without having to pay a broker's fee, we cannot overlook the inequity of Mosley receiving a broker's fee despite not having a real estate broker's license. The same would be true if Mosley were a nonlicensed attorney seeking recovery of legal fees or a nonlicensed physician seeking compensation for a medical procedure.

¶17.    Mosley quotes the axiom that "equity follows the law as far as the law goes in securing the rights of the parties and no further. When the law stops short of securing this object, equity continues the remedy until complete justice is done." *Joel v. Joel*, 43 So. 3d 424, 430 (¶20) (Miss. 2010). But this language does not help his case. This is not a case where the law simply fails to go as far as justice requires. Instead, this is an area where the law actually places a roadblock preventing equity from going any further. By dismissing Mosley's complaint, the chancellor properly yielded to this limit on the court's equitable powers.

¶18.    "[E]quity must follow the law." *Id.* at 427 (¶2). And here the law says Mosley cannot

---

[4] At one point in his brief, Mosley tries to characterize himself as simply a "friend" who was promised to be "taken care of" if he helped find a buyer. Of course, Mosley can certainly help a friend find someone to purchase the friend's real property. What Mosley cannot do is demand compensation for his help via a lawsuit. And while the seller may certainly make good on a promise "to take care of" Mosley as his friend, any such promise would be gratuitous and not enforceable in court.

maintain his action in any court in this state. Thus, we affirm the judgment dismissing

Mosley's complaint.

¶19.    **THE JUDGMENT OF THE OKTIBBEHA COUNTY CHANCERY COURT IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR.  WILSON, J., NOT PARTICIPATING.**