# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01677-COA

**PIERCE REALTY INC. AND DARIAN PIERCE**                    **APPELLANTS**

**v.**

**DENNIS PIERCE, DENNIS PIERCE INC.,**                    **APPELLEES**
**PIERCON INC., AND WESTOVER CROSSING**
**LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2018 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | L. CLARK HICKS JR. |
| ATTORNEYS FOR APPELLEES: | WILLIAM A. WHITEHEAD JR. |
| | RICHARD D. NORTON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 06/02/2020 |
| MOTION FOR REHEARING FILED: | 06/30/2020 - DENIED; |
| | AFFIRMED - 11/10/2020 |
| MANDATE ISSUED: | |

**EN BANC.**

**McCARTY, J., FOR THE COURT:**

### MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The motion for rehearing is denied.  The original opinion of this Court is withdrawn, and this modified opinion is substituted in its place.

¶2.     A real estate salesperson gained control of his brother's real estate company through a stock transfer.  Afterward, he realized the company was no longer receiving broker's commission payments from certain clients.  Believing the payments should have continued, he sued his brother under a variety of theories to recover the broker's commissions.

¶3.     At the summary judgment stage, the trial court determined that the only asset transferred with the stock sale was the company itself.  The trial court further reasoned that because the broker's commissions were not specifically listed, they were not transferred in the stock sale.  There was no evidence the brother had intended to transfer the commissions with the stock sale.  After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶4.     The core facts of this case are not in dispute.  Dennis Pierce is a licensed real estate broker and fully owned a company called Pierce Realty Inc.  His younger brother Darian worked for the company as a licensed real-estate salesperson but did not have his broker's license.

¶5.     Over the years, the relationship between the two brothers deteriorated.  While Dennis believed he was carrying Darian, Darian believed he did all the work while Dennis reaped the financial rewards.  After a series of heated encounters, the two agreed via email that they would no longer work together.  They charted a path forward that would leave Darian with full control of Pierce Realty, along with a recreational vehicle.

¶6.     Darian had a short document prepared memorializing the discussions. On the first day of 2015, the brothers executed what was titled "Sale, Transfer and Assignment of Shares of Stock in Pierce Realty, Inc."  The crux of the document noted that there were 100 shares in the company and that Dennis owned them all.

¶7.     The document resulted in Dennis stating he "does hereby sell, transfer and assign unto

2

Darian A. Pierce all 100 shares of stock in Pierce Realty, Inc."[1]  With that transfer, Dennis

would "no longer hav[e] any ownership interest in the Corporation and Darian A. Pierce

being the sole and only shareholder, owning all of the issued and outstanding shares in the

Corporation."[2]

¶8.     One of the ways Pierce Realty generated income was through broker's commissions

from leasing commercial property.  Over the years, Pierce Realty had received commissions

from Westover Crossing, LLC for the realty company's help in finding tenants Microtel and

180 Fitness.  The payments were broker's commissions which, in Mississippi, can only be

---

[1] The  document did not address the RV, but the parties agree that Dennis transferred it to Darian after the document was signed.

[2] The document read in full:

THE UNDERSIGNED, DENNIS L. PIERCE, hereby represents and warrants that he is the sole owner of 100 shares of stock in Pierce Realty, Inc., a Mississippi corporation, said 100 shares of stock being all of the issued and outstanding shares of stock in the Corporation, and that said 100 shares of stock are owned by the undersigned free and clear of any lien, security interest or other restriction or limitation affecting its transferability.

The undersigned desires to sell, transfer and assign all 100 shares of stock in the Corporation to Darian A. Pierce and Darian A. Pierce is ready, willing and able to acquire said 100 shares of stock in the Corporation from the undersigned.

FOR AND IN CONSIDERATION of the sum of TEN and NO/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Dennis L. Pierce does hereby sell, transfer and assign unto Darian A. Pierce all 100 shares of stock in Pierce Realty, Inc., a Mississippi corporation, which will result in Dennis L. Pierce no longer having any ownership interest in the Corporation and Darian A. Pierce being the sole and only shareholder, owning all of the issued and outstanding shares in the Corporation.

legally received by a person holding a broker's license. While Dennis had such a license, Darian did not.

¶9.     After the stock transfer, the commissions immediately stopped. This cut the source of what had been a significant source of income for Pierce Realty. Because the commissions were routed through another company that Dennis controlled, Darian was furious. He saw the cessation in commission income as an attack from Dennis.

¶10.    Darian later sued Dennis and various related entities regarding the stop in commission income. He claimed twenty-two causes of action, from breach of contract and "breach of commission agreements" to claims for civil conspiracy and intentional infliction of emotional distress.[3] After discovery, both parties sought summary judgment in whole or in part.

¶11.    The trial court summarized that Darian characterized the halt in commission payments as a breach of contract, while Dennis contended the stock transfer was not a contract in the first place but was instead a gift. The trial court found that "[w]hether the Stock Transfer Document constitutes a contract between Dennis and Darian, or was simply the vehicle through which Dennis effectuated a gift to Darian, Darian will be unable to prove that he is legally entitled to the subject commissions under either determination." Under this holding, the only thing the document transferred was Pierce Realty, Inc. and nothing more.

¶12.    As the trial court established, within the document "[t]here is no discussion or listing of commissions, income streams, or liabilities to be transferred along with the shares of

---

[3] The full caption of the case is Pierce Realty Inc. and Darian Pierce versus Dennis Pierce and three other companies controlled by Dennis. For simplicity's sake we refer to the two sides in the litigation by the names of the brothers.

stock." Importantly, even if the document had addressed such items, Darian "presented no evidence that a brokerage or commission contract existed" between Pierce Realty and any other company which would have required the payment of commissions.

¶13. Furthermore, the trial court found that only Dennis could have received the broker's commissions because he was the only licensed broker at the company at the time. The trial court determined that "there is no evidence that Dennis transferred, sold, or assigned, or that he intended to transfer, sell or assign commissions due from 180 Fitness or Microtel, to Darian or to Pierce Realty."

¶14. Having made those factual and legal findings, the trial court granted summary judgment as to all of Darian's claims against Dennis and denied any relief to Darian as to summary judgment.

## STANDARD OF REVIEW

¶15. "The grant or denial of a motion for summary judgment is reviewed de novo." *Estate of Hudson v. Yazoo City*, 246 So. 3d 872, 876 (¶29) (Miss. 2018). "The evidence is viewed in the light most favorable to the party opposing the motion." *Id*. "Only if there is no genuine issue of material fact is the moving party entitled to summary judgment as a matter of law." *Id*.

## DISCUSSION

¶16. On appeal, Darian presents two questions. First, whether "genuine issues of material fact exist regarding what corporate assets Dennis Pierce sold to his brother, Darian Pierce." Second, "[d]id Pierce Realty, Inc., through its owner, Dennis Pierce, have the authority to

5

sell, transfer, and assign to Darian Pierce the right to collect real estate commissions?"

¶17. As they did at the trial level, the brothers dispute on appeal whether the document transferring the stock was a gift or a contract. Regarding gifts, "as a general rule, the donee bears the burden of proof." *Yarbrough v. Patrick*, 65 So. 3d 865, 870 (¶22) (Miss. Ct. App. 2011). "Normally, the donee must establish by clear and convincing evidence the following elements: (a) a donor competent to make a gift; (b) a voluntary act of the donor with donative intent; (c) that the gift was complete and not conditional; (d) delivery by the donor; and (e) that the gift was irrevocable." *Id*.

¶18. In contrast, there are six elements for a valid contract: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (¶13) (Miss. 2003) (citation and internal quotation mark omitted).

¶19. Darian argues that he and his brother had a contract and that we should find an implied term that the broker's commissions traveled with the transfer of stock. Yet, within the 205 words of the document, there is nothing to suggest that broker's commissions will be transferred to Darian. As our Supreme Court held in *Rotenberry*, "[a] contract is unenforceable if the material terms are not sufficiently definite." *Id*. The document only addresses the transfer of the 100 shares of stock in Pierce Realty. It does not address anything else.

¶20. Alternatively, Dennis argues that the transfer of stock in the realty company to his

brother was merely a gift. Under *Yarbrough*, a required element of a gift is that it must be voluntary. *Yarbrough*, 65 So. 3d at 870 (¶22). Based on the undisputed factual background of this case, it is clear that Dennis did not intend to grant his brother Darian the broker's commissions. Dennis halted the commissions that were previously paid to Pierce Realty and refused to allow them to resume even when other members of the companies would have paid them. There is no evidence that he voluntarily made the commissions a part of the stock transfer. Even if he had, the commissions were never delivered, which is another required element.

¶21.    As the trial court concluded, whether gift or contract, Darian failed to produce evidence that Dennis intended to transfer the commissions with the transfer of stock in Pierce Realty. Instead, the only proof in the record was that Dennis intended to, and did, transfer 100% of the stock in Pierce Realty to Darian. Regardless of whether the document is construed as a gift or a contract, it does not contain any terms which address the assignment of the brokerage commissions. Darian argues that the assignment of the brokerage commissions should be implied from the stock transfer document. But under our law, such a material term would have to be explicit. As a result, we affirm.

¶22.    Furthermore, we agree with the trial court that there was no genuine issue of material fact as to whether Darian failed to produce evidence that contracts for commissions even existed. Darian's consistent response to questioning in his deposition was that proof that the contracts did exist were attached to his complaint. However, those two documents—one from 2010, and the other from 2011—were simply invoices from Pierce Realty to Westover

7

Crossing, LLC regarding the leases of Microtel and 180 Fitness.

¶23. As the trial court concluded, even if there had been an explicit term in the stock transfer which addressed broker's commissions, Darian "presented no evidence that a brokerage or commission contract existed" to justify recovery. Despite extensive litigation, Darian never produced any evidence other than invoices. He did not produce any contract between Pierce Realty and Westover Crossing, LLC. Without such evidence, summary judgment must be affirmed.

¶24. In his second assignment of error, Darian argues that Dennis could have authorized the assignment of broker's commissions. The trial court found that because Darian was a real estate salesperson, and not a broker, he could not sue to recover brokerage commissions. *See* Miss. Code Ann. § 73-35-33(2) (Rev. 2017) ("No real estate salesperson shall have the right to institute suits in his own name for the recovery of a fee, commission or compensation for services as a real estate salesperson, but any such action shall be instituted and brought by the broker employing such salesperson"). For "to collect a fee as a real estate broker, [a plaintiff] had to be duly licensed," and in the absence of a license, will not be allowed to recover. *Mosley v. Triangle Townhouses LLC*, 170 So. 3d 1251, 1253 (¶9) (Miss. Ct. App. 2015) (holding that a lack of a license precludes recovery of a brokerage commission).

¶25. In response, Darian argues that the law does allow him to file suit against a broker who has not paid him. *See* Miss. Code Ann. § 73-35-33(2) ("[A]ny real estate salesperson shall have the right to bring an action in his own name if the action is against the broker employing such salesperson for the recovery of any fees owed to him."). Because we find

8

that there was no evidence Dennis intended or did assign any broker's commissions to Darian, we leave open for another day whether Mississippi law allows the assignment of such commissions.

¶26. Because there is no genuine issue of material fact in this case which would preclude summary judgment, we **AFFIRM**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**